## WOMAN'S COLLEGE OF NEW HAVEN, INC.
*vs.*
## CITY OF NEW HAVEN

Superior Court          New Haven County          File No. 58195

MEMORANDUM FILED APRIL 9, 1940.

*Daggett & Hooker,* of New Haven, for the Plaintiff.

*David S. Rivkin,* Assistant Corporation Counsel, of New Haven, for the Defendant.

INGLIS, J.   This is an appeal from the action of the board of tax review of the defendant city in refusing to exempt from taxation the real property of the plaintiff on the grand list of 1939.   The sole question is as to whether on June 1, 1939, that property was exempt under section 1163 (7) of the General Statutes, Revision of 1930.

The plaintiff was incorporated under the general law as a corporation without capital stock on June 8, 1933.   The original incorporators were W. Vernon Lytle, Orville T. Lytle and Maude L. Lytle, the first and last named being husband and wife.   The purposes of the corporation were stated as being "To found, establish and conduct an educational institution of collegiate grade for women."

The college operated by the plaintiff was opened in the fall of 1933 in rented quarters and continued to operate in rented quarters until June, 1939.   During that period it enrolled annually between 25 and 30 girl students who, in the first part of the period, were all day students but in the latter years were partly day students and partly resident students.   The resident students have been girls whose homes have been scattered over a wide territory.   Instruction has been offered to these students in subjects of collegiate grade.

The students have been charged for tuition, room, board and incidentals in varying but substantial amounts.   The base charge for resident students in recent years has been $995 and for day students $560, but the college has been generous in awarding scholarships and allowances for work to many students so that the net amount paid by most students has been substantially less than the base charges.

Down to the end of 1938 the school had been conducted by Mr. and Mrs. W. Vernon Lytle.   Mr. Lytle was president and Mrs. Lytle acted as counselor of women and managed the dormitories and dining room.   Both of them taught courses. Other courses were given, mostly by instructors connected with Yale University, and arrangements were made for the students to take various courses in Yale as part of their course.

No adequate books of account were kept but it appears that whatever capital investment was made in equipment came either from Mr. or Mrs. Lytle or from the earnings of the

school. Whatever remained of the receipts from tuition after the payment of the expenses of the school became the property of Mr. and Mrs. Lytle and was drawn by them to cover their living expenses. Neither of them drew any salary as such.

In the fall of 1938, family difficulties between Mr. and Mrs. Lytle came to a head. Before that time the income of the school had been for the most part deposited in a bank account in their joint names. On December 16, 1938, the amount in that account was divided equally between Mr. and Mrs. Lytle and, at about that time, Mr. Lytle withdrew from active participation in the conduct of the college. From that time until July 1, 1939, the funds of the school were deposited in a bank account in the name of Mrs. Lytle personally. On July 1, 1939, an account was opened in the name of the corporation. On January 24, 1939, Mrs. Lytle was elected president and treasurer of the corporation by the so-called board of trustees. Just how the board of trustees came into existence or by whom they are elected or chosen does not appear in evidence. Since Mr. Lytle retired Mrs. Lytle has continued the practice of using college funds for the living expenses of herself and five children and in that way all of the net income of the corporation over and above the expenses of conducting the college has inured to the benefit of Mrs. Lytle.

On March 21, 1939, the articles of association of the corporation were amended so as to provide among other things as follows: "Said corporation shall be and remain a strictly educational corporation and no member, director, trustee, officer or employee of the corporation shall at any time receive or be entitled to receive any pecuniary profit from the operations of the corporation except reasonable compensation for services actually rendered to the corporation in effecting one or more of its purposes. No part of the net income or of the net earnings of the corporation shall inure to the benefit of any member, director, trustee, officer or employee of the corporation or of any private shareholder or individual but any excess income shall be donated permanently and exclusively to the purposes for which said corporation is found in such manner as the Board of Trustees of said corporation shall direct.

"In the event of the dissolution of the corporation or the termination of its corporate existence no part of the property or assets of the corporation shall inure to the benefit of any member, director, trustee, officer or employee of the corpora-

tion but on the contrary the same, after the payment of all lawful claims against the corporation, shall be donated permanently and exclusively to educational purposes in such manner :as the Board of Trustees of said corporation shall direct."

The adoption of this amendment, however, has not changed the actual practice of Mrs. Lytle without being voted any :stated salary drawing substantially all of the net income of the corporation for her own personal needs and those of her children. This is true except that as of April 1, 1940, Mrs. Lytle was voted a salary of $5,000 per year. This amount is in excess of any likely net income of the corporation before that salary is paid. Mrs. Lytle testifies that she does not expect to be paid the full amount of the salary. In essence, therefore, it is clear that the voting of the salary is simply a device to get into Mrs. Lytle's hands under the name of a salary whatever may accrue by way of profits in the operation of the college.

In May, 1939, the corporation acquired title to the real estate which is the subject matter of this litigation. The purchase price thereof was $14,152.42, and this was raised in its entirety by a loan secured by a mortgage made to the corporation by Olive Schultz, who is now the secretary of the corporation.

On these facts, there are at least two reasons why the plaintiff does not qualify for exemption from taxes. The first of these is that its property is not devoted to a public use. Although the general statute providing for tax exemption has passed through various forms it still in its present form is founded on the principle that only such property should be free from tax as is wholly sequestered from private, and devoted to public use. *Connecticut Junior Republic Assn., Inc. vs. Litchfield,* 119 Conn. 106; *Stamford Jewish Center, Inc. vs. Stamford,* 117 id. 379. In the present case, inasmuch as the plaintiff has no endowment nor any contributed funds, the :students, in the fees collected from them, pay for the education they receive. The plaintiff, therefore, does not offer education to the public in the sense that it is fulfilling a function which otherwise would have to be performed by government itself. Rather, it provides a school which students, who can afford it, may attend and acquire education for which they pay in full. The college is not performing a public function but rather is a private enterprise. For that reason it is not such a college as

is contemplated in the tax exemption statute. *Brunswick School vs. Greenwich,* 88 Conn. 241; *Pomfret School vs. Pomfret,* 105 id. 456; *Female Academy vs. Darien,* 108 id. 137.

In the second place the plaintiff is not within the provision of the statute which makes it a condition of exemption that no member nor employee receive any pecuniary profit from operations. Irrespective of the provisions of the amendment of the articles of association, in actual practice as of June 1, 1939, Mrs. Lytle was taking all or substantially all of the profits of the enterprise. It may be that the sum total of the profits she received was not in excess of what her services rendered to the corporation were reasonably worth. But the fact remains that she took the sums, not as compensation for her services, but as the difference between the income and outgo of the business. Whether that difference was greater or less she would have taken it and, apparently by tacit understanding, she would have been entitled to it.

The corporation, The Woman's College of New Haven, is, in reality, Mrs. Lytle. She and her former husband by devotion, diligence and ability have built up the organization from nothing to an apparently valuable institution. Now that Mr. Lytle has retired, the institution is really Mrs. Lytle's. The trustees apparently recognizing this and that justice demands that it be handled as Mrs. Lytle's own enterprise, do in fact treat it as such. Accordingly, in the past and at the present time they at least have acquiesced in an arrangement whereby she has received and will continue to receive whatever profits the enterprise may yield. She probably is entitled to those profits, but so long as she receives them the property of the plaintiff may not be exempted from taxation.

Judgment may enter dismissing the appeal and providing that the defendant recover of the plaintiff its taxable costs.