## THE BRUNSWICK SCHOOL *vs.* THE TOWN AND BOROUGH OF GREENWICH.

Third Judicial District, Bridgeport, April Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

A private school conducted for the profit of its owners and furnishing primary as well as secondary instruction, is not an "academy" within the meaning of that word as used in § 2315 of the General Statutes, and a building used exclusively for the purposes of such a school is not exempt from taxation under that statute.

The general purpose of this clause of the statute (§ 2315) was not to exempt private property used for private purposes from taxation, but to leave untaxed all property, public or private, which had been sequestered or devoted to public uses.

Argued April 21st—decided June 10th, 1914.

SUIT to secure the cancellation of certain taxes assessed against the property of the plaintiff and the removal of the liens created thereby, and for other relief, brought to and reserved by the Superior Court in Fairfield County, *Greene, J.,* upon an agreed statement of facts, for the advice of this court. *Judgment advised for defendants.*

*Augustus S. Houghton,* for the plaintiff.

*Wilbur S. Wright,* for the defendants.

THAYER, J.   The plaintiff is a private corporation having capital stock, organized under the general corporation laws of this State, and located in the town of Greenwich, where it conducts a day school for the instruction of boys ranging in age from six to eighteen years.   Its certificate of incorporation states that the purposes to be promoted and carried on by it are "to establish, maintain and conduct a private school

and . . . provide and furnish suitable grounds and buildings therefor; and to make all proper contracts in connection therewith, and to do all things incidental thereto." Since 1906 it has owned a tract of land containing about four acres, with a school building thereon situated, in the town and borough of Greenwich. The municipalities, the defendants, assessed this for taxation during the years 1906 to 1911, inclusive, and, the plaintiff having failed to appeal from the assessments and refusing to pay the taxes, filed liens, to secure the payment of the taxes, upon the land records of the town. This action is brought to restrain the collection of the taxes and to remove the cloud of the liens from the title. The question which we are to determine is whether this property is liable to assessment for taxation.

The plaintiff's claim is that its property is exempt under § 2315 of the General Statutes. This statute, so far as material to the present case, provides: "The following property shall be exempt from taxation: All property belonging to the United States, or this State; buildings, with their appurtenances, belonging to any county, town, city, or borough; buildings or portions of buildings exclusively occupied as colleges, academies, churches, public schoolhouses." The plaintiff claims that its property is exempt as a building exclusively occupied as an academy.

The dictionaries are in accord in defining the word "academy" as a school, or seminary of learning, holding a rank between a university or college and a common school; and this definition doubtless expresses the popular conception of the meaning of the word. The plaintiff's school is a private school, with no endowment. It teaches the lower or elementary grades, and also those between the elementary grades and the college or university courses. It has now about one hundred

pupils, whose ages range from six years to eighteen years, a majority of whom reside in the town of Greenwich and pay an annual tuition ranging from $150 to $350 per year. They are divided into twelve classes, and the entire course occupies twelve years. This hardly satisfies the definition and popular conception of an academy. It is not a public institution devoted to secondary education and offering instruction therein to all comers, but it is a private school, calculated, manifestly, to interest only those who have the means and disposition to separate their children from the public schools, as the law permits them to do, and teaching the most primary as well as secondary grades. The plaintiff's purpose is not the charitable one of devoting its property to the public use, but to devote it to its own use. The investment of capital in the corporation is not an endowment of the capital invested, or of the building in which it is invested, to the public use. Nor does the fact that no dividends have yet been paid, as found by the court, affect the situation. Dividends may not yet have been earned, or, if earned, it may not have been thought best to declare and pay them, but have been thought best to retain them for future use in the business.

The purpose of § 2315 of the General Statutes is not to exempt private property used for private purposes from taxation, but to leave untaxed, as it has been the policy of the State to do since colonial days, all property, public or private, which has been sequestered or devoted to public uses. We so held in *Yale University* v. *New Haven*, 71 Conn. 316, 42 Atl. 87, where the same language (then found in § 3820 of the Revised Statutes of 1888) was under consideration. At page 329 we say: "This clause of § 3820 does not exempt any individuals from the burden of taxation that is common to all; it does not grant to one, particular privileges

denied to all others; it declares that lands and buildings sequestered to public uses, *i. e.* taken out of the body of private property and devoted exclusively to the common good, from which no individual can derive any profit, are not taxable property. And this has been, not the exception, but the rule from the foundation of our government."

As said in that case, buildings erected with funds derived from taxation, or from charitable gifts for school purposes, are not a source of profit to any person; and towns or trustees owning or by law charged with the maintenance of such buildings are contributors to the public benefit rather than recipients of special privileges by reason of their nontaxation. But the case is different where individuals unite their capital in a stock corporation for the purpose of conducting a private school for profit. The buildings in which the school is conducted, erected with such capital, contribute to the profits, real or contemplated, of the enterprise, and their use is thus a private and not a public one. The public generally may be convenienced by such an employment of capital, but the owners receive the use and profit of the building. The business of conducting private schools for profit has become a common one. Private schools, academies, and colleges of law, medicine, and the other sciences, are extensively advertised, some of which the students are expected to attend, and others, it is said, are conducted by correspondence. Such schools were never intended to be exempted from taxation by the statute in question. Prior to the Constitution, as shown in the case above cited, public buildings occupied as colleges, schoolhouses and churches were not named in the tax laws or exempted, because they were not included in "ratable estate" as taxable property; and when, in 1822, the legislature "formally declared that property of the

United States, of the State, and of municipal governments, and 'the buildings occupied as colleges,' etc., should be exempt from taxation (Public Acts of 1822, p. 35), it did not alter the character of the property, or the reason for its not being taxed. The declaration was not an exemption, in the strict sense of the word, as to buildings occupied as colleges and schools, any more than as to property of the United States." *Yale University* v. *New Haven*, 71 Conn. 316, 332, 42 Atl. 87. Prior to this "all estates granted to charitable uses were exempt from taxation. By chapter 29 of the Public Acts of 1822 (p. 35) the exemption was restricted to 'buildings occupied as colleges, academies, schoolhouses, churches or infirmaries.'" *St. Bridget Convent Corporation* v. *Milford*, 87 Conn. 474, 478, 88 Atl. 881.

In 1854 the exemption was restricted to such portions of buildings as should be exclusively occupied by such institutions. Other restrictions were subsequently made, until the section of the statute under consideration reached its present form. These successive limitations of the Act of 1822 were evidently imposed, from time to time, to correct abuses and evasions which had grown up under, and were supposed to be permitted by, the law as it then stood. *St. Bridget Convent Corporation* v. *Milford*, 87 Conn. 474, 479, 88 Atl. 881. The first restriction mentioned limited the nontaxable property to that portion of the buildings which was exclusively occupied by the college, etc. The last one mentioned made it certain that only public schools were exempt. Churches have always been considered buildings ministering to the public use. The same is true of colleges, as held in *Yale University* v. *New Haven*, 71 Conn. 316, 42 Atl. 87. One of the definitions of an academy is: "An institution for the study of higher learning; a college or a university." Webster's New International Dictionary. The word "academy"

is thus associated, in the clause of the statute in question, with words describing buildings which are the property of State and municipal governments, and thus public property, or are devoted to the administration of public charities, and thus to public uses. Later clauses of the statute exempt the property of charitable and benevolent societies when used and occupied by themselves. The academies referred to in the statute, which had theretofore been nontaxable, were institutions devoted to the public use like the others which were named. From its definition and the connection in which the word is used, it is clear that to bring a building, or a part of a building, within the so-called exemption of the statute as an academy, it must be shown that (if not owned by the municipality) it is exclusively occupied for the maintenance of a school where instruction is given in grades superior to those of the ordinary primary schools, and that the building so occupied is wholly sequestered from private use and is devoted to the use of the public. It appears from the agreed statement of facts that the plaintiff's building is not thus sequestered from private, and devoted to the public, use. It was therefore subject to taxation, and no reason is shown for restraining the collection of the taxes in question.

The Superior Court is advised to render judgment for the defendants dismissing the complaint, with costs.

No costs in this court will be taxed in favor of either party.

In this opinion the other judges concurred.