CANTERBURY SCHOOL, INC. *vs.* TOWN OF NEW MILFORD.

First Judicial District, Hartford, January Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued January 7th—decided March 31st, 1930.

*Walter E. Monagan,* for the appellant (plaintiff).

*Samuel A. Herman* and *John F. Addis,* for the appellee (defendant).

MALTBIE, J. This is an appeal from the board of relief of the defendant town, based upon the refusal of the board to strike from the tax list for October, 1927, certain property of the plaintiff which it claimed to be exempt from taxation. Chapter 319 of the Public Acts

of 1927, in effect on October 1st, 1927, exempts from taxation "the real property of, or held in trust for, a Connecticut corporation organized exclusively for scientific, educational, literary, historical or charitable purposes, or for two or more such purposes and used exclusively for carrying out one or more of such purposes and the personal property of, or held in trust for, any such corporation, provided (a) any officer, member or employee thereof does not receive or at any future time shall not receive any pecuniary profit from the operations thereof, except reasonable compensation for services in effecting one or more of such purposes or as proper beneficiary of its strictly charitable purposes, and provided (b) an annual statement on forms prepared by the tax commissioner shall be filed on or before the last day required by law for the filing of assessment returns with the local board of assessors of any town, consolidated town and city, or consolidated town and borough, in which any of its property thought to be exempt is situated." All other questions aside, if it does not appear that the situation of the plaintiff brings it within the provisions of subdivision (a) of the statute as quoted, the plaintiff is not entitled to the exemption it claims.

For a great many years prior to 1925 our statutes granted an exemption from taxation to "colleges, academies, churches, public schoolhouses or infirmaries"; General Statutes, § 1160, as amended by Public Acts of 1921, Chap. 109. In several cases we have had occasion to consider the meaning and effect of this provision of the statutes. In *Pomfret School* v. *Pomfret,* 105 Conn. 456, 136 Atl. 88, we stated as one of the necessary qualifications to entitle an educational institution to exemption under this statute a compliance with the test which had been formulated in *Brunswick School* v. *Greenwich,* 88 Conn. 241, 90 Atl. 801, that

is, a sequestration of the property claimed to be exempt from private, and a devotion of it to public, use, and we said (p. 459): "In ascertaining whether this essential element is present, the determinative questions are: First, is the property devoted to the public use; second, was the property so received and is it so held as to be dedicated to public benefit instead of to private advantage or gain? Is it 'taken out of the body of private property and devoted exclusively to the common good.' " This principle we reaffirmed and applied in *Female Academy* v. *Darien,* 108 Conn. 136, 142 Atl. 678, and showed that it is not met if the funds of the institution could be used for the profit or benefit of individuals, either members of the corporation conducting it or others who are not the proper recipients of its charitable purposes. In 1925 the legislature adopted an Act substantially different in phraseology from the previous laws, leaving out any specific reference to colleges, academies or schools and in place of such a reference amplifying a provision which had been for many years a part of the law, by which the property "belonging to and used exclusively for scientific, literary, benevolent or ecclesiastical societies" was exempted, to include with them educational institutions. Public Acts of 1925, Chap. 245. As to all the institutions specified, this Act provided that their personal property should be exempt from taxation if they were incorporated under the laws of this State, their assets were permanently held for and devoted to one of the purposes named, and they were so organized and their property so held that their members could not by any possibility receive for their personal use any of the corporate property in the event of a dissolution of the corporation, or receive any profit from their membership in the corporation; and that real estate owned and actually occupied and used by

the corporation and reasonably necessary to carry out one or more of its purposes should be exempt provided none of the income, profits or property owned by the corporation was so accumulated or held as to be capable of distribution among its stockholders or members or used or appropriated for other than one or more of the specific purposes set forth in the statute. So the law stood when the Act of 1927 which we have quoted above was enacted. One cannot consider this Act in the light of its history and the decisions referred to without at once coming to the conclusion that when it makes it a requirement for securing an exemption that any officer, member or employee does not receive "or at any future time shall not receive any pecuniary profit" except reasonable compensation for services or as a beneficiary of the charitable purposes of the corporation, it does not intend as the test of exemption the fact of such profit being received but rather the constitution of the organization in such a way that no officer, member or employee can receive pecuniary profit except as stated.

The statute under which the plaintiff was incorporated provides for the formation of corporations without capital stock to promote or carry out any lawful purpose other than that of a mercantile or manufacturing business or a business "conducted solely for profit." General Statutes, § 3534, as amended by Public Acts of 1919, Chap. 65. There is in the quoted phrase an implied grant of power to such corporations to make, from the carrying out of the purposes for which they are organized, an incidental profit, and if they do so, like any other corporation, in the absence of limitations in their articles of association or by-laws, they have the power to distribute this profit among their members. *McKean* v. *Biddle*, 181 Pa. St. 361, 37 Atl. 528; 2 Clark & Marshall on Private Corpora-

tions, p. 1579. The articles of association of the plaintiff state its purpose to be to establish and conduct a school for the education of boys and young men, and they contain a provision that upon its dissolution all its net assets shall be transferred to the Bishop of the Roman Catholic Diocese of Hartford, for the uses and purposes of the diocese forever. They contain, however, no other limitations upon the use which the corporation may make of its funds or property. The statement of the purpose for which the corporation is organized is no more a limitation upon its right to make and distribute an incidental profit than is the statement in the articles of incorporation of a joint stock corporation of the nature of the business to be transacted or the purposes to be promoted or carried out by it; General Statutes, § 3508; and obviously the provision for the transfer of the net assets on a dissolution of the corporation does not touch upon the disposition of incidental profit derived from its operation. It follows that the plaintiff is not so organized that if in the future it should make a profit, that profit might not be distributed to its members. There is not therefore a compliance with the terms of subdivision (a) of the statute and the plaintiff is not entitled to the exemption it claims.

There is no error.

In this opinion the other judges concurred.