ARNOLD COLLEGE FOR HYGIENE AND PHYSICAL
EDUCATION *v.* TOWN OF MILFORD

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued December 4, 1956—decided January 7, 1957

*Richard H. Lynch,* for the appellant (defendant).

*Herbert L. Cohen,* with whom was *Martin F. Wolf,* for the appellee (plaintiff).

INGLIS, C. J. The plaintiff appealed to the board of tax review in Milford, seeking exemption from taxation on the grand list of 1954 for property located in that town on the ground that the property was used exclusively for educational purposes. From the denial of its appeal the plaintiff appealed to the Court of Common Pleas. That court rendered judgment for the plaintiff directing the board of tax review to strike the property from the tax list of October 1, 1954, and add it to the tax-exempt list. From that judgment the defendant has appealed.

The finding, which is not subject to correction, sets forth the following facts: The plaintiff is a nonprofit corporation organized under a special act (20 Spec. Laws 1138, as amended, 24 Spec. Laws 577) for the purpose of conducting an institute of higher learning, more particularly with respect to the training of teachers of physical education and hygiene. It owned and operated property in Milford consisting of fifty-nine acres of land, with a gymnasium, two classroom buildings, two dormitories, a chapel and other buildings thereon, and enjoyed a tax-exempt status as to that property for several years prior to October 1, 1954. It experienced financial difficulties for some time and in May, 1953, initiated negotiations with the University of Bridgeport for a merger of the two institutions. As a result, the

two institutions were merged on July 1, 1953. By the terms of the merger, the officers and trustees of the University of Bridgeport became the officers and trustees of Arnold College. The students of Arnold College, approximately 150 in number, continued their education under the administration of the university, and the entire educational program of Arnold College was maintained. For that purpose, many members of its faculty were retained in the employ of the university. Between October 1, 1953, and October 1, 1954, scheduled classes, alumni meetings and other college functions were held on the Arnold College campus, and the gymnasium and athletic fields were used from time to time. On October 1, 1954, a caretaker employed by the university was living in a caretaker's cottage on the Arnold College property, and a faculty member of the university was living in one of the dormitories. The gymnasium and dormitory buildings and some other buildings were kept heated. The university had no gymnasium or playing fields of its own. Since the merger, the universtiy has had under consideration the use of the Arnold College classrooms in connection with its extension courses. It has also had under consideration the question how best to use the facilities of Arnold College for educational purposes. It has consistently refused to use the Arnold College campus for profit or for purposes other than the advancement of its educational program. For a brief period of time the university caused to be placed on the college premises a "for sale" sign referring interested persons to one of the trustees of the university. This was done to determine the market value of the property, if a market existed.

On the foregoing facts the court reached the following conclusions: The purpose of the University

of Bridgeport in taking over the administration of Arnold College in 1953 was to preserve that organization as an educational institution. The property of Arnold College was and is sequestered for educational uses, and no person secures a profit from its operation. During the tax period in question the property of Arnold College was used exclusively for educational purposes and therefore was exempt from taxation. The defendant challenges the correctness of these conclusions. The issue presented is whether the Arnold College property is exempt under § 1761 of the General Statutes. So far as it is pertinent, that section reads: "The following-described property shall be exempt from taxation: ... (7) ... Subject to the provisions of sections 1762 and 1763, the real property of, or held in trust for, a Connecticut corporation organized exclusively for scientific, educational, literary, historical or charitable purposes or for two or more such purposes and used exclusively for carrying out one or more of such purposes and the personal property of, or held in trust for, any such corporation, provided (a) any officer, member or employee thereof does not receive or at any future time shall not receive any pecuniary profit from the operations thereof, except reasonable compensation for services in effecting one or more of such purposes or as proper beneficiary of its strictly charitable purposes . . . ." This exemption is made somewhat more explicit by a provision in § 1763 to the effect that property leased, rented or otherwise used for other purposes shall not be exempt.

The defendant concedes that no person receives or will receive any profit from the operation of Arnold College. Accordingly, the sole question involved in this case is whether the property claimed

to be exempt was on October 1, 1954, being "used exclusively for carrying out" an educational purpose as those words are used in the statute. *Forman Schools, Inc.* v. *Litchfield,* 134 Conn. 1, 8, 54 A.2d 710. It is to be noted that so far as educational institutions are concerned the statute does not grant an exemption in the technical sense. Rather it merely states a rule of nontaxability. Consequently, it does not come within the rule that tax exemption statutes must be construed strictly against the taxpayer. *St. Bridget Convent Corporation* v. *Milford,* 87 Conn. 474, 478, 88 A. 881; *Yale University* v. *New Haven,* 71 Conn. 316, 329, 42 A. 87. It is well established that the exemption granted is not limited to the buildings used for educational purposes in the limited and restricted sense. It extends to all of the property the use of which is incidental to education, including campuses and playing fields. *St. Bridget Convent Corporation* v. *Milford,* supra, 482; but see *New Canaan Country School, Inc.* v. *New Canaan,* 138 Conn. 347, 349, 84 A.2d 691. The real test is whether the property is sequestered for educational purposes and whether the corporation, or any person, can secure any profit from its operations. *Edgewood School, Inc.* v. *Greenwich,* 131 Conn. 179, 183, 38 A.2d 792.

The picture disclosed by the finding in the present case is that of property which, prior to July 1, 1953, had been unquestionably sequestered to an educational use. After that date and prior to the date of the assessment in question, the use had not been changed. After the merger of Arnold College into the University of Bridgeport, the gymnasium and playing fields were used from time to time for educational purposes. None of the property was used for any purpose other than education or the uses

incidental thereto. There had been no abandonment of the educational use. See *Hamden* v. *New Haven,* 91 Conn. 589, 595, 101 A. 11. The defendant urges that the fact that a "for sale" sign had been posted on the property indicated an intention to sell it. Aside from the fact that the trial court did not find that such an intention had been entertained, the mere intention of a property owner to change the use to which the property is devoted is not decisive of its taxability. It is the actual use being made of the property on the tax day which is determinative, not the use intended for the future. *Gillette* v. *Hartford,* 31 Conn. 351, 359. The fact, if it were a fact, that on the first day of October, 1954, no classes were being conducted on the property would not disqualify it from exemption. If it did, any school having a vacation on a tax date would not be exempt. The statute does not require that instruction be carried on continuously on a piece of property for it to come within the term "used exclusively for carrying out" an educational purpose.

On the whole case, therefore, it is clear that the conclusions of the trial court that the property of the plaintiff was being used exclusively for educational purposes within the meaning of § 1761(7) and that, consequently, it was exempt from taxation on the grand list of 1954 were correct.

There is no error.

In this opinion the other judges concurred.