Hartford Hospital *v.* City and Town of Hartford

Alcorn, C. J., House, Ryan, Shapiro and Rubinow, Js.

Argued November 5, 1970—decided February 2, 1971

*Richard M. Cosgrove,* deputy corporation counsel, with whom, on the brief, was *John M. Fitzgerald,* corporation counsel, for the appellant (defendant).

*David Schwartz,* with whom were *Arthur L. Shipman, Jr.,* and *Daniel P. Brown, Jr.,* for the appellee (plaintiff).

RYAN, J. The plaintiff appealed to the board of tax review in Hartford, seeking exemption from taxation on the tax list of July 1, 1967, for real estate located in Hartford, on the ground that the property was used exclusively for hospital purposes. From the denial of its appeal the plaintiff appealed to the Court of Common Pleas. That court rendered judgment for the plaintiff, directing the board of tax review to correct the assessment against the plaintiff accordingly and that the defendant remit to the plaintiff any payment of taxes made by virtue of an assessment against such property on the tax list of July 1, 1967, with interest to the date of the judgment. The defendant has appealed to this court.

The case was presented to the trial court on a stipulation of facts. The plaintiff is a corporation without capital stock, located in Hartford where it maintains and conducts a hospital pursuant to its charter. On July 1, 1967, the plaintiff owned certain real estate in Hartford known as No. 268–270 Washington Street, located in close proximity to buildings owned by the plaintiff which are used for the care of patients. The building thereon consisted of an apartment house containing twelve apartments used and occupied exclusively for the residence of interns and residents—collectively termed members of the house staff—employed by the plaintiff hospital, with the exception of one apartment used and occupied by the janitor, an employee of the hospital, to care for the building. The members of the house staff who occupy these apartments are charged rent

by the plaintiff. It is necessary for the plaintiff to provide housing for a large number of its house staff in close proximity to those buildings which are used for the care of patients in order properly to perform its services as a hospital. From these stipulated facts the trial court concluded that the plaintiff was aggrieved by the action of the board of tax review in refusing to exempt the subject property; that the property in question is used exclusively for hospital purposes; that the exclusiveness of the use is not impaired by the fact that the plaintiff charges rent for occupancy; and that the property is tax exempt.

The defendant concedes that the plaintiff is a hospital corporation whose property is entitled to an exemption under the terms of § 12-81 (16) of the General Statutes subject to the provisions of § 12-88 of the General Statutes. It assigns error in the conclusion of the trial court that the property in question, used for residential purposes for members of the house staff, is tax exempt under the provisions of those statutes. Section 12-81 (16) exempts from taxation "[s]ubject to the provisions of § 12-88, all property of, or held in trust for, any Connecticut hospital society or corporation or sanatorium". Section 12-88 provides as follows: "Real property belonging to, or held in trust for, any organization mentioned in subdivision . . . (16) . . . of section 12-81, which real property is so held for one or more of the purposes stated in the applicable subdivision, and from which real property no rents, profits or income are derived, shall be exempt from taxation though not in actual use therefor by reason of the absence of suitable buildings and improvements thereon, if the construction of such buildings or improvements is in progress. The real property

belonging to, or held in trust for, any such organization, not used exclusively for carrying out one or more of such purposes but leased, rented or otherwise used for other purposes, shall not be exempt. If a portion only of any lot or building belonging to, or held in trust for, any such organization is used exclusively for carrying out one or more of such purposes, such lot or building shall be so exempt only to the extent of the portion so used and the remaining portion shall be subject to taxation." The defendant claims that the property is taxable and relies on the case of *New Canaan Country School, Inc.* v. *New Canaan,* 138 Conn. 347, 84 A.2d 691. In that case the school sought exemption for certain real estate under the provisions of § 1761 (7) of the Revision of 1949, now General Statutes § 12-81 (7). Subject to the provisions of § 1763, Revision of 1949, now § 12-88, it was entitled to a tax exemption on such of its property as was used for carrying out its purposes as an educational institution. In 1946 the housing shortage was such that it was difficult to hire teachers. The school purchased a house three miles from the school and used it for three of its teachers and their families and built a house 200 yards from the school for one of its teachers and his family. None of the pupils lived at the school. This court held that the statutory requirement that the use shall be exclusively for educational purposes is emphasized by § 1763, Revision of 1949, now § 12-88; that the houses were not used for any educational purposes whatever; that the existence of a housing shortage was irrelevant to the test of the Connecticut statute and that the houses were convenient residences for the teachers and were used as such; and that these properties were not exempt from taxation.

The plaintiff, on the other hand, urges that the instant case is governed by *Yale University* v. *New Haven,* 71 Conn. 316, 42 A. 87, and *Arnold College* v. *Milford,* 144 Conn. 206, 128 A.2d 537, rather than by *New Canaan Country School.* "In *Yale University* v. *New Haven,* 71 Conn. 316, 334, 42 A. 87, the court held that 'the observatory buildings, the two houses furnished by the College for the officers of the observatory, [and] the adjoining land found to be reasonably necessary for the purposes of the observatory' were not taxable. In both cases it is apparent that the buildings in question were a part of the college and used for its purposes. As to the observatory, we take judicial notice of the fact that the work of observers and students is in large measure done at night and that under these circumstances the houses in question were practically a part of the observatory." *New Canaan Country School, Inc.* v. *New Canaan,* supra, 351.

In *Arnold College* v. *Milford,* supra, all the property of the college, including dormitory space, part of which was occupied by a faculty member, and a caretaker's cottage, was held to be exempt from taxation. The sole question involved in that case was whether the property claimed to be exempt was (p. 210) " 'being used exclusively for carrying out' an educational purpose as those words are used in the statute. *Forman Schools, Inc.* v. *Litchfield,* 134 Conn. 1, 8, 54 A.2d 710. It is to be noted that so far as educational institutions are concerned the statute does not grant an exemption in the technical sense. Rather it merely states a rule of nontaxability. Consequently, it does not come within the rule that tax exemption statutes must be construed strictly against the taxpayer. *St. Bridget Convent Corporation* v. *Milford,* 87 Conn. 474, 478, 88 A. 881; *Yale*

*University* v. *New Haven,* 71 Conn. 316, 329, 42 A. 87. It is well established that the exemption granted is not limited to the buildings used for educational purposes in the limited and restricted sense. It extends to all of the property the use of which is incidental to education, including campuses and playing fields." In the instant case, which involves a hospital rather than an educational institution, the rule of nontaxability has not been applied in this state. It must be recognized that the conclusion of each of these decisions is necessarily governed by the specific facts in the individual case. *Knox College* v. *Board of Review,* 308 Ill. 160, 165, 139 N.E. 56. The facts of *Yale University* v. *New Haven* and *Arnold College* v. *Milford* are clearly distinguishable from *New Canaan Country School.*

The defendant, however, urges that tax exemption statutes must be strictly construed and that a strict construction of § 12-88 requires a conclusion that the legislature did not intend to exempt residential quarters for residents and interns. While we recognize that statutes which exempt from taxation must be strictly construed against the party claiming the exemption; *Hartford Hospital* v. *Board of Tax Review,* 158 Conn. 138, 147, 256 A.2d 234, *Sullivan* v. *Union & New Haven Trust Co.,* 147 Conn. 178, 181, 158 A.2d 174; "[i]t is also true, however, that such strict construction neither requires nor permits the contravention of the true intent and purpose of the statute as expressed in the language used." *Jewett City Savings Bank* v. *Board of Equalization,* 116 Conn. 172, 185, 164 A. 643.

It is a cardinal rule of construction that statutes are to be construed so that they carry out the intent of the legislature. This intent is to be ascertained from the language of the statute itself, if the lan-

guage is plain and unambiguous. *Hurlbut* v. *Lemelin,* 155 Conn. 68, 73, 230 A.2d 36; *Landry* v. *Personnel Appeal Board,* 138 Conn. 445, 447, 86 A.2d 70. Where the legislative intent is clear there is no room for statutory construction. *Little* v. *Ives,* 158 Conn. 452, 455, 262 A.2d 174; *State ex rel. Cooley* v. *Kegley,* 143 Conn. 679, 683, 124 A.2d 898; *State ex rel. Rourke* v. *Barbieri,* 139 Conn. 203, 207, 91 A.2d 773. An examination of the provisions of § 12-88 is required. The first sentence provides, with reference to hospitals, as follows: "Real property belonging to, or held in trust for, . . . [a hospital] which real property is so held for . . . [hospital purposes], and from which real property no rents, profits or income are derived, shall be exempt from taxation though not in actual use therefor by reason of the absence of suitable buildings and improvements thereon, if the construction of such buildings or improvements is in progress." It exempts from taxation property held for hospital purposes even though not in use therefor, because of the absence of suitable buildings thereon, provided: (1) construction of such buildings or improvements is in progress; and (2) no rents, profits or income are derived therefrom. The second sentence of the section is as follows: "The real property belonging to, or held in trust for, . . . [a hospital], not used exclusively for carrying out . . . [hospital] purposes but leased, rented or otherwise used for other purposes, shall not be exempt." This is the key sentence of this section in its application to the instant case and states the basic premise upon which an exemption may be denied. Stated affirmatively, rather than negatively, it provides that property belonging to or held in trust for a hospital which is used exclusively for carrying out hospital purposes shall

be exempt. If the property is leased, rented or used for anything other than hospital purposes it shall not be exempt. The determining factor is the exclusive use of the property for hospital purposes. The distinction is not between nonrental and rental but between use exclusively for hospital purposes and nonhospital use. The third sentence of § 12-88 exempts from taxation any portion of a lot or building used exclusively for hospital purposes even though the remaining portion shall be subject to taxation. This serves to emphasize our construction of the second sentence that the basic question is whether the use was exclusively for hospital purposes or for some other purpose. As this court said in *Yale University* v. *New Haven,* 71 Conn. 316, 328, 42 A. 87, "[t]he fact that certain sums are paid for use of the rooms occupied, does not alter the character of the occupation."

The parties have stipulated that it is necessary for the plaintiff to provide housing for a large number of its house staff in close proximity to those buildings which are used for the care of its patients in order properly to perform its services as a hospital. We take judicial notice that members of a hospital house staff may be on call at all hours of the day or night. A number of decisions in states with comparable statutes have granted tax exemptions to hospitals in similar factual situations. *Cedars of Lebanon Hospital* v. *County of Los Angeles,* 35 Cal. 2d 729, 221 P.2d 31; *Oakwood Hospital Corporation* v. *State Tax Commission,* 374 Mich. 524, 132 N.W.2d 634; *Matter of St. Luke's Hospital* v. *Boyland,* 12 N.Y.2d 135, 187 N.E.2d 769; *Columbia Hospital Assn.* v. *Milwaukee,* 35 Wis. 2d 660, 151 N.W.2d 750; note, 15 A.L.R.2d 1064, 1075.

In the present case the conclusions of the trial court that the property in question was used exclusively for hospital purposes, that the exclusiveness of the use was not impaired by the fact that the plaintiff charged rent for occupancy of the property and that it qualified for tax exemption under the provisions of §§ 12-81 (16) and 12-88 are correct.

There is no error.

In this opinion the other judges concurred.