[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 104)
The following facts are stipulated to by the parties. The plaintiff, Sacred Heart University, is a tax exempt entity organized exclusively for educational purposes. On December 8, 1995, the plaintiff acquired title to a certain parcel of property on which it intended to construct a dormitory and classroom structure. Subsequent to this acquisition, the plaintiff applied for and received a certificate of zoning CT Page 2560 compliance, a foundation permit and a full building permit for the proposed structure. The plaintiff paid a total of $104,888 to the city of Bridgeport for the issuance of the permits.
On February 29, 1996, the issuance of the certificate of zoning compliance was appealed to the zoning board of appeals. During the pendency of the appeal, the plaintiff was unable to take any further action with regard to the construction of the dormitory and classroom structure. However, the plaintiff did pay $382,040 for a portion of the structural steel to be used at the site on March 21, 1996.
The appeal was denied by the zoning board on April 17, 1996, and on April 30, 1996, the plaintiff demolished the existing structure on the premises. The zoning board's decision was appealed to the Superior Court, which denied the appeal on April 6, 1998. On June 27, 1998, the Appellate Court denied a request for certification of the appeal. On July 13, 1998, the plaintiff began clearing the site and preparing to excavate for footings. The parties stipulate that as of October 1, 1998, the property will be recognized by the city of Bridgeport as tax exempt.
On October 1, 1997, the plaintiff, Sacred Heart University, filed an application for relief against an assessment of its property for taxation by the assessors of the city of Bridgeport. Subsequently, the plaintiff filed a motion for summary judgment that was granted by the court, Skolnick, J., by memorandum of decision dated May 7, 1999. On May 11, 1999, the defendant filed a motion to reargue the motion for summary judgment, which was granted. The defendant has also filed an objection to the plaintiff's motion for summary judgment and a cross motion for summary judgment. On October 25, 1999, the court heard reargument on the plaintiff's motion for summary judgment, and the defendant's objection and motion for summary judgment.
The plaintiff argues that tax exempt status should be conferred as of December 8, 1995, the date it acquired the property, because at that time construction was "in progress," as required by General Statutes § 12-88. The defendant argues that tax exempt status accrues as of October 1, 1998, after the plaintiff began clearing the site and preparing to excavate for footings, because it was at that time that construction was in progress.
General Statutes § 12-81 (7) exempts from property taxation "the real property of . . . a corporation organized exclusively for CT Page 2561 scientific, educational, literary, historical or charitable purposes or for two or more such purposes and used exclusively for carrying out one or more of such purposes. . . ." General Statutes § 12-81 (7). General Statutes § 12-88 extends this exemption to "[r]eal property belonging to . . . any organization mentioned in subdivision (7) . . . of section 12-81, which real property is so held for one or more of the purposes stated in the applicable subdivision, and from which real property no rents, profits or income are derived, shall be exempt from taxation though not in actual use therefor by reason of the absence of suitable buildings and improvements thereon, if the constructionof such buildings or improvements is in progress." (Emphasis added.) Here, the parties do not dispute that rents, profits or income were not derived from the property, and that the property was not in actual use by reason of the absence of suitable buildings or improvements. The sole issue before the court is at what point the actions of the plaintiff constituted "construction . . . in progress" under General Statutes § 12-88.
Connecticut courts have liberally construed the statutory rule of nontaxability that applies to property owned by educational institutions. "The general rule of construction in taxation cases is that provisions granting an exemption from a tax are to be construed strictly against the party claiming the exemption. . . . As far as educational institutions are concerned, however, § 12-81 (7) does not grant an exemption in the technical sense. Rather, it merely states a rule of nontaxability, and consequently does not fall within the general rule." (Citations omitted; internal quotation marks omitted.)University of Hartford v. Hartford, 2 Conn. App. 152, 157,477 A.2d 1023 (1984). The requirement under General Statutes § 12-81
(7) that the property be "used exclusively for carrying out one or more of such purposes" has been interpreted liberally with respect to educational institutions.[1] In Arnold College v.Milford, 144 Conn. 206, 210, 128 A.2d 537 (1957), the court stated: "It is well established that the exemption granted is not limited to buildings used for educational purposes in the limited or restricted sense. It extends to all of the property the use of which is incidental to education, including campuses and playing fields. . . . The real test is whether the property is sequestered for educational purposes and whether the corporation, or any person, can secure any profit from its operations." Because the plaintiff is an institution organized exclusively for educational purposes, the court will adopt a liberal construction of General Statutes § 12-88. CT Page 2562
In McGlone v. Baptist Church, 97 Colo. 427, 432, 50 P.2d 547
(1935), the statute at issue granted a property tax exemption to lots if there were buildings on the lots used exclusively for religious worship or for charitable purposes. There was a prior decision holding that the existence of a foundation on the lot was sufficient to satisfy the statute. See id. The plaintiff church sought tax exemption after it had demolished the existing structure on the property, but was prevented from doing additional work on the property. See id., 429. The court found that the demolition of the existing structure "was a prerequisite to building a church and a part of the building program, just as putting in a foundation [was] . . . ." Id., 432. The demolition, in addition to the fact that the plaintiff had formally adopted a building program and had raised about $16,000 toward the program, but was prevented from completing the program due to a worldwide economic depression, led the court to conclude that the church had a "bona fide intention to construct a building on the lot. . ." Id. The court, adopting a liberal construction of the statute, held that the plaintiff's property was tax exempt after the demolition of the property, stating: "When an admittedly charitable institution undertakes in good faith to extend its plant and facilities for charitable work and evidences this fact by the expenditure of money and the doing of work as part of a program looking toward the erection of a building to be used when completed for charitable purposes, this is within the spirit of the constitutional and statutory tax exemption provisions, and real property acquired and held in pursuance of such program so evidenced is exempt, while the program in good faith is in the process of being carried out." Id., 432.
Here, the issue is when the actions of the plaintiff constituted "construction . . . in progress" under § 12-88 for the purpose of granting a tax exemption to the property of an educational institution. In the present case, the plaintiff has expended a substantial sum of money toward the application and approval of building permits and a certificate of zoning compliance. The plaintiff has also paid for a portion of the structural steel to be used in the building. Therefore, when the plaintiff demolished the existing structure on the premises, the plaintiff had a bona fide intention of completing the structure. The demolition was a necessary prerequisite to the completion of a dormitory and classroom structure, which the plaintiff was unable to do because of the pendency of the appeal of the issuance of the zoning compliance certificate. Accordingly, under CT Page 2563 the facts of this case, the demolition constituted "construction . . . in progress" under General Statutes § 12-88, and therefore the property was exempt from taxation from the time that the demolition of the existing structure on the property was undertaken on April 30, 1996.
For the foregoing reasons, the plaintiff's motion for summary judgment is granted insofar as it grants the plaintiff tax exempt status under § 12-88 as of April 30, 1996, said exemption to be considered and applied to the tax payment due and payable to the defendant city as of October 1, 1996.
SKOLNICK, J.