OSWALD HOUSTON *v.* WARDEN, CONNECTICUT
CORRECTIONAL INSTITUTION, SOMERS

HOUSE, C. J., LOISELLE, MACDONALD, LONGO and BARBER, JS.

Argued May 14—decision released July 29, 1975

*Stephen J. O'Neill,* assistant attorney general,
with whom, on the brief, was *Carl R. Ajello,* attor-
ney general, for the appellant (defendant).

*Leonard I. Shankman,* for the appellee (plaintiff).

HOUSE, C. J.   This action was commenced by a
petition for a writ of habeas corpus and was tried
to the Superior Court in Hartford County upon
the facts stipulated to by the parties: On July 10,
1973, the plaintiff was sentenced to a term of not
less than eighteen months nor more than six years
by the Superior Court in Hartford County for the

crime of larceny in the first degree. The plaintiff was arrested on September 28, 1972, on the charges which culminated in that sentence. The only bond or bail ever ordered on the charges for which the plaintiff was arrested was a $1000 nonsurety bond which was ordered on the date of his arrest. The plaintiff furnished this bail on the date of his arrest and was released from custody on that date. During the period from September 28, 1972, to July 10, 1973, the plaintiff was never in custody under a mittimus dealing with the charges for which he was arrested and sentenced in the Superior Court in Hartford County. He was not credited with any so-called jail time under the provisions of §§ 18-97[1] or 18-98[2] of the General Statutes on his July 10, 1973 sentence from the Superior Court in Hartford County.

[1] "[General Statutes] Sec. 18-97. CREDIT TOWARDS FINE OR SENTENCE FOR A PERIOD SPENT IN CUSTODY UNDER MITTIMUS. Any person receiving a fine or a sentence to a correctional institution or a community correctional center shall receive credit towards any portion of such fine as is not remitted or any portion of such sentence as to which execution is not suspended for any days spent in custody under a mittimus as a result of any court proceeding for the offense or acts for which such fine or sentence is imposed, provided he shall conform to the rules of the institution. Upon notification from the commissioner of correction, the clerk of the court shall enter such credit upon the order in the case of a fine, and upon the mittimus in the case of a sentence and it shall be the duty of the agency or person that held such person under such mittimus to inform the clerk of the court of the proper amount of such credit. In the case of a fine each credit day shall be computed at the rate of three dollars. In no event shall credit be allowed in excess of the fine or sentence actually imposed."

[2] "[General Statutes] Sec. 18-98. COMMUTATION OF SENTENCE FOR PERIOD DURING WHICH BAIL WAS DENIED OR UNAVAILABLE. Any person who has been denied bail or who has been unable to obtain bail and who is subsequently imprisoned is entitled to commutation of his sentence by the number of days which he spent in a community correctional center from the time he was denied or was unable to obtain bail to the time he was so imprisoned. The commissioner of correc-

On May 2, 1973, while he was free on bond furnished to the Superior Court in Hartford County, the plaintiff was also sentenced to a term of not less than two nor more than five years by the Superior Court for the judicial district of Waterbury for the crime of robbery in the third degree in violation of § 53a-136 of the General Statutes. He was arrested on November 17, 1972, on the charges for which the Waterbury sentence was imposed and on failing to post bond in the amount of $5000 was confined under a mittimus for a period of 162 days prior to the imposition of sentence. The parties stipulated that pursuant to the provisions of "Section 18-97 and/or Section 18-98" of the General Statutes he was credited with 162 days of so-called jail time on that sentence.

On May 2, 1973, the plaintiff was also sentenced to terms of not less than two nor more than five years by the Superior Court in Tolland County on each of two counts. The first sentence and count was for the crime of robbery in the second degree, in violation of § 53a-135 (a) (1) of the General Statutes. The second sentence and count was for the crime of larceny in the second degree in violation of § 53a-123 (a) (2). In that case the plaintiff was arrested on October 13, 1972, and, upon failure to furnish bond in the amount of $10,000, was confined under a mittimus for a period of 197 days prior to the imposition of sentence. In connection with the sentence from that court, he was credited with 197 days of "jail time."

---

tion shall, if such person has conformed to the rules of the institution, credit such person with the number of days to which the supervising officer of the correctional center where such person was confined while awaiting trial certifies such person was confined between the denial of bail to him or his inability to obtain bail and his imprisonment."

In the present habeas corpus proceeding, the plaintiff claimed that he was entitled to credit on his July 10, 1973 sentence from the Superior Court in Hartford County for 197 days, being the period during which he was in custody under a mittimus from the Superior Court in Tolland County awaiting disposition of the charges pending against him in that court. His claim as stated in the stipulation of the parties is that "his inability to make bond on the charge which culminated in the sentences from . . . [the judicial district of] Waterbury and Tolland County effectively denied him his ability to make bond on the charges which culminated in his sentence from Hartford County."

The trial court, upon the foregoing stipulated facts, granted the plaintiff the relief requested and rendered judgment directing that he be credited with 197 days on the sentence imposed in the Superior Court in Hartford County. It is from this judgment that the defendant took the present appeal.

The defendant's assignment of errors raises but one narrow issue on appeal which is whether on the stipulated facts the provisions of § 18-98 of the General Statutes entitle the plaintiff to credit against the July 10, 1973 sentence imposed by the Superior Court in Hartford County the 197 days during which he was confined by mittimus from the Superior Court in Tolland County awaiting trial on the charges against him in that court. Although the stipulated facts refer to § 18-97 as well as § 18-98, § 18-97 clearly affords no relief to the plaintiff since, as those facts disclose, during the period from September 28, 1972, to July 10, 1973, the plaintiff was never in custody under a mittimus

relating to the charges for which he was arrested and sentenced in Hartford. The plaintiff has limited his claims to rights which he asserts accrued to him under § 18-98.

As we have noted, § 18-98 of the General Statutes, pursuant to which the trial court credited the plaintiff with 197 days of presentence confinement on his sentence from Superior Court in Hartford County, provides that "[a]ny person who has been denied bail or who has been unable to obtain bail and who is subsequently imprisoned is entitled to commutation of his sentence by the number of days which he spent in a community correctional center from the time he was denied or was unable to obtain bail to the time he was so imprisoned."

The language of the statute is clear and unambiguous. Courts cannot, by construction, read into statutes provisions which are not clearly stated. *Robinson* v. *Guman,* 163 Conn. 439, 444, 311 A.2d 57; *United Aircraft Corporation* v. *Fusari,* 163 Conn. 401, 415, 311 A.2d 65. "It is not for us to search out some intent which we may believe the legislature actually had and give effect to it, but we are confined to the intention which is expressed in the words it has used." *Connecticut Light & Power Co.* v. *Walsh,* 134 Conn. 295, 301, 57 A.2d 128.

"It is a cardinal rule of construction that statutes are to be construed so that they carry out the intent of the legislature. This intent is to be ascertained from the language of the statute itself, if the language is plain and unambiguous. *Hurlbut* v. *Lemelin,* 155 Conn. 68, 73, 230 A.2d 36; *Landry* v. *Personnel Appeal Board,* 138 Conn. 445, 447, 86 A.2d 70. Where the legislative intent is clear there is no room for statutory construction. *Little* v. *Ives,*

158 Conn. 452, 455, 262 A.2d 174; *State ex rel. Cooley* v. *Kegley,* 143 Conn. 679, 683, 124 A.2d 898; *State ex rel. Rourke* v. *Barbieri,* 139 Conn. 203, 207, 91 A.2d 773." *Hartford Hospital* v. *Hartford,* 160 Conn. 370, 375, 279 A.2d 561. " 'We must construe the act as we find it, without reference to whether we think it would have been or could be improved by the inclusion of other provisions.' *Murphy* v. *Way,* 107 Conn. 633, 639, 141 A. 858." *State* v. *Nelson,* 126 Conn. 412, 416, 11 A.2d 856. Section 18-98 applies only to any person "who has been denied bail or who has been unable to obtain bail and who is subsequently imprisoned." The plaintiff, as both parties have stipulated, was not denied bail on the charge against him in Hartford County but was able to obtain bail and did in fact obtain it. He provided the required $1000 nonsurety bond on the day he was arrested and was never confined on the Hartford County charge prior to the time when sentence was imposed. As we said in *Mancinone* v. *Warden,* 162 Conn. 430, 438, 294 A.2d 564: "[U]nder the provisions of § 18-98 the decisive criterion is that the person be one 'who has been denied bail or who has been unable to obtain bail and who is subsequently imprisoned.' " The plaintiff clearly failed to satisfy this criterion and thus cannot reap the benefits of the statute.

The plaintiff argues that since he was unable to post bond on the Tolland County charge, the benefit of his posting bond on the Hartford County charge was effectively denied to him. While this assertion may in fact be true, the statute does not contemplate the effective denial of the benefits of bail but rather deals with the factual denial or inability to obtain bail itself. The facts as well as the language of § 18-98 are clear and undisputed

and can lead to only one result. The plaintiff was not "denied" nor was he "unable to obtain bail" on the Hartford County charge. He was never confined on that charge prior to sentencing; thus, he is not entitled to have his sentence from Hartford County commuted for any period during which, in the language of the statute, he was "denied or was unable to obtain bail."

There is error, the judgment is set aside and the case is remanded with direction to deny the plaintiff's petition.

In this opinion the other judges concurred.