RONALD G. SUTTON *v.* RAYMOND M. LOPES,
COMMISSIONER OF CORRECTION
(12904)

JOHN J. McCARTHY *v.* RAYMOND M. LOPES,
COMMISSIONER OF CORRECTION
(12905)

PETERS, C. J., SHEA, DANNEHY, CALLAHAN and STOUGHTON, Js.

Argued June 11—decision released August 12, 1986

*L. D. McCallum,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellant (respondent in both cases).

*Joan Leonard,* assistant public defender, for the appellees (petitioner in each case).

SHEA, J. The sole issue on these combined appeals is whether convicted prisoners are entitled to receive

credit under both General Statutes § 18-97 and General Statutes § 18-98 for the *same* presentence jail time and thus obtain an effective sentence reduction of twice the number of days spent in confinement prior to the imposition of sentence. Each petitioner, being unable to obtain bail, was confined in a community correctional center under a mittimus prior to sentencing. The habeas court ordered the respondent commissioner of correction (commissioner) to credit each petitioner with presentence jail time pursuant to § 18-98, which entitles a person who has been denied bail or has been unable to obtain bail to a commutation of his sentence by the number of presentence days that he spent in a community correctional center. The petitioners had already received credit for the same presentence time pursuant to § 18-97, which entitles a person to jail time credit for any presentence days spent in custody under a mittimus.

In their stipulation of facts, the parties in both cases summarized the respective procedural histories. The petitioner Ronald G. Sutton was arrested on June 22, 1979, and was incarcerated pursuant to a mittimus and also because of his failure to obtain bail. On July 7, 1981, he pleaded guilty to the offenses of sexual assault in the first degree; General Statutes § 53a-70; kidnapping in the second degree; General Statutes § 53a-94a; and threatening; General Statutes § 53a-62; as charged in the state's substitute information. After the petitioner had been sentenced, the trial court granted his petition for a writ of habeas corpus, held the sentences void, and ordered a new trial. At the ensuing trial, the jury found the petitioner guilty on all three counts of the substitute information, and the court resentenced him.[1] At the time he was resentenced, the court

---

[1] In *State* v. *Sutton,* 197 Conn. 485, 498 A.2d 65 (1985), cert. denied, 474 U.S. 1073, 106 S. Ct. 833, 88 L. Ed. 2d 804 (1986), this court concluded that the new sentences, longer than the first, were constitutionally infirm

awarded the petitioner credit for presentence jail time served under a mittimus, pursuant to General Statutes § 18-97.[2]

The petitioner John J. McCarthy was arrested on August 5, 1980, and was jailed pursuant to a mittimus and also because of his failure to obtain bail. He was convicted of multiple crimes of burglary and larceny and sentenced on June 26, 1981. The commissioner credited the petitioner with his presentence jail time served under the mittimus, pursuant to General Statutes § 18-97.

In the petitions for writs of habeas corpus presently before us, the petitioners challenged the commissioner's refusal to credit them with presentence jail time pursuant to General Statutes § 18-98,[3] in addition to the

because the record did not demonstrate "that the increased sentences were based on objective information concerning identifiable conduct occurring subsequent to the original sentencing"; id., 504; in accordance with the standard set forth in *North Carolina* v. *Pearce,* 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969). We remanded the case for further resentencing. *State* v. *Sutton,* supra, 505.

[2] "[General Statutes] Sec. 18-97. CONFINEMENT UNDER A MITTIMUS: PRESENTENCE CONFINEMENT CREDIT PRIOR TO JULY 1, 1981. Any person receiving a fine or sentence to a correctional institution or a community correctional center for an offense committed prior to July 1, 1981, shall receive credit towards any portion of such fine as is not remitted or any portion of such sentence as to which execution is not suspended for any days spent in custody under a mittimus as a result of any court proceeding for the offense or acts for which such fine or sentence is imposed, provided he shall conform to the rules of the institution. Upon notification from the commissioner of correction, the clerk of the court shall enter such credit upon the order in the case of a fine, and upon the mittimus in the case of a sentence and it shall be the duty of the agency or person that held such person under such mittimus to inform the clerk of the court of the proper amount of such credit. In the case of a fine each credit day shall be computed at the rate of ten dollars. In no event shall credit be allowed in excess of the fine or sentence actually imposed."

[3] "[General Statutes] Sec. 18-98. CONFINEMENT WHERE BAIL UNOBTAINABLE: PRESENTENCE CONFINEMENT CREDIT PRIOR TO JULY 1, 1981. Any person who has been denied bail or who has been unable to obtain bail and

credit already received for the same presentence jail time under General Statutes § 18-97. Petitioners Sutton and McCarthy claimed they were entitled to credit for 796 and 325 presentence days, respectively, for time spent in a community correctional center while they were unable to obtain bail. The trial court, *Barry, J.,* finding the language of §§ 18-97 and 18-98 to be plain and unambiguous, held that the petitioners were entitled to the additional credit they sought because their factual situations came within the precise language of each statute.[4] We find error in the granting of the petitions.

The proper application of §§ 18-97 and 18-98 requires us to reconcile a number of basic principles of statutory construction. Our fundamental objective in construing a statute is to carry out the apparent intent of the legislature. *Caulkins* v. *Petrillo,* 200 Conn. 713, 716–17, 513 A.2d 43 (1986); *State* v. *Kozlowski,* 199 Conn. 667, 673, 509 A.2d 20 (1986); *DeFonce Construction Corporation* v. *State,* 198 Conn. 185, 187, 501 A.2d 745 (1985); *State* v. *Campbell,* 180 Conn. 557, 561, 429 A.2d 960 (1980); 2A Sutherland, Statutory Construction (4th Ed. Sands 1984) § 45.05. Where the language of the statute is clear and unambiguous, we have refused to speculate as to the legislative intention, because it is assumed that the words express the intention of the legislature. *Hayes* v. *Smith,* 194 Conn. 52, 58, 480 A.2d 425 (1984); *Delevieleuse* v. *Manson,* 184

who is subsequently imprisoned for an offense committed prior to July 1, 1981, is entitled to commutation of his sentence by the number of days which he spent in a community correctional center from the time he was denied or was unable to obtain bail to the time he was so imprisoned. The commissioner of correction shall, if such person has conformed to the rules of the institution, credit such person with the number of days to which the supervising officer of the correctional center where such person was confined while awaiting trial certifies such person was confined between the denial of bail to him or his inability to obtain bail and his imprisonment."

[4] The trial court's decision resulted in petitioner Sutton's immediate discharge from custody, subject to the outcome of this appeal.

Conn. 434, 438–39, 439 A.2d 1055 (1981); *Mazur* v. *Blum,* 184 Conn. 116, 118–19, 441 A.2d 65 (1981). Accordingly, we have declined to "read into the terms of a statute something which manifestly is not there in order to reach what the court thinks would be a just result"; *Johnson* v. *Manson,* 196 Conn. 309, 315, 493 A.2d 846 (1985), cert. denied, 474 U.S. 1063, 106 S. Ct. 813, 88 L. Ed. 2d 787 (1986); *State* v. *Malm,* 143 Conn. 462, 467, 123 A.2d 276 (1956); and have consistently applied statutes " 'without reference to whether we think [they] would have been or could be improved by the inclusion of other provisions.' " *Houston* v. *Warden,* 169 Conn. 247, 252, 363 A.2d 121 (1975), quoting *Murphy* v. *Way,* 107 Conn. 633, 639, 141 A. 858 (1928).

Both §§ 18-97 and 18-98 provide presentence jail credit to arrestees detained under different, yet precisely defined, circumstances. We have, therefore, refused on many occasions to delve into the actual intent of the legislature with respect to these statutes, holding that each statute was plain and unambiguous on its face. *Johnson* v. *Manson,* supra, 314; *Delevieleuse* v. *Manson,* supra, 438; *Houston* v. *Warden,* supra, 251; *Holmquist* v. *Manson,* 168 Conn. 389, 392, 362 A.2d 971 (1975); *Mancinone* v. *Warden,* 162 Conn. 430, 439, 294 A.2d 564 (1972). While we have determined that each statute, when read separately, is clear and unambiguous, we have not resolved the issue, now raised, of whether they were intended to apply cumulatively to an arrestee who qualifies for credit under each statute, as the habeas court held. Because the statutes are silent upon the subject of alternative or cumulative application, they are ambiguous with respect to this issue and we are compelled to look beyond their words to determine the intent of the legislature. *State* v. *Kozlowski,* supra, 674; *Tramontano* v. *Dilieto,* 192 Conn. 426, 433–34, 472 A.2d 768 (1984).

Although we must presume that the legislature intended to enact one consistent body of law; *Keogh* v. *Bridgeport,* 187 Conn. 53, 59, 444 A.2d 225 (1982); and that it knew of the existence of two bills on the same general subject, both having been raised during the same legislative session; *Farricielli* v. *Personnel Appeal Board,* 186 Conn. 198, 205, 440 A.2d 286 (1982); there is no indication in the legislative history of the statutes as to whether they were intended to apply alternatively or cumulatively.[5] We look, therefore, to the practice of the department of correction in administering these statutes and in calculating presentence jail time credit.

While it is the province of the courts and not the administrative agency to expound and apply the governing principles of law; *Connecticut Hospital Assn.* v. *Commission on Hospitals & Health Care,* 200 Conn. 133, 144, 509 A.2d 1050 (1986); *Wilson* v. *FOIC,* 181 Conn. 324, 342–43, 435 A.2d 353 (1980); this court has accorded considerable deference to the construction given a statute by the administrative agency charged with its enforcement, particularly when the agency has consistently followed its construction over a long period of time. *Griffin Hospital* v. *Commission on Hospitals & Health Care,* 200 Conn. 489, 496, 512 A.2d 199 (1986); *Corey* v. *Avco-Lycoming Division,* 163 Conn. 309, 326, 307 A.2d 155 (1972) (*Loiselle, J.,* concurring) cert. denied, 409 U.S. 1116, 93 S. Ct. 903, 34 L. Ed. 2d 699 (1973); *Burwell* v. *Board of Selectmen,* 178 Conn. 509, 518, 423 A.2d 156 (1979). The habeas court, in its

[5] There is no pertinent legislative history for General Statutes § 18-97. The history of § 18-98, although very sparse, establishes that § 18-98 was drafted in order to rectify inequities that would result because some arrestees are unable to make bail. Under the statute arrestees not released on bail are credited for time served awaiting sentence. Public Acts 1967, No. 869; see 12 H.R. Proc., Pt. 7, 1967 Sess., pp. 3095–98; 12 S. Proc., Pt. 5, 1967 Sess., pp. 2125–26; Conn. Joint Standing Committee Hearings, Corrections Committee, 1967 Sess., pp. 37, 55.

memorandum of decision, was "mindful of the seventeen year practice of the department of correction to apply these statutes alternatively, one to the exclusion of the other." We view this established procedure as according with the more logical interpretation of the statutes, presumably the construction contemplated by the legislature. We conceive of no rational basis, nor have the petitioners suggested any, upon which the legislature could have intended to distinguish between arrestees confined for the same period of time prior to sentencing who are held both because of inability to obtain bail and because of a mittimus and those who fit under only one of these circumstances.

This court has traditionally eschewed construction of statutory language that leads to absurd results or thwarts its manifest purpose. *State* v. *Rodgers,* 198 Conn. 53, 61, 502 A.2d 360 (1985); *State* v. *Parmalee,* 197 Conn. 158, 165, 496 A.2d 186 (1985); *Frazier* v. *Manson,* 176 Conn. 638, 643–44, 410 A.2d 475 (1979); *Milano* v. *Warden,* 166 Conn. 178, 187, 348 A.2d 590 (1974); see Llewellyn, "Remarks on the Theory of Appellate Decision and the Rules or Canons About How Statutes Are to be Construed," 3 Vand. L. Rev. 395, 401 (1950). The law clearly favors a rational statutory construction and we must presume that the legislature intended a sensible result. *Peck* v. *Jacquemin,* 196 Conn. 53, 64, 491 A.2d 1043 (1985). The construction of §§ 18-97 and 18-98 offered by the petitioners and adopted by the habeas court would reward a prisoner, fortunate enough to fall within the guidelines of both statutes, with double presentence credit upon his sentence. It would be bizarre to credit a pretrial detainee, unable to make bail, for presentence time in jail at twice the rate allowed for time served after sentencing. It is more reasonable to conclude that the legislature enacted §§ 18-97 and 18-98 as alternative mechanisms in order to ensure that all those detained in jail prior

to sentence, whether pursuant to a mittimus or because of inability to make bail, earn credit for time served before sentence to the same extent as for time served after sentence has been imposed.

We further note that under General Statutes §§ 54-64a[6] and 54-64b[7] every arrested person unable to make bail or arrested for a crime which is not bailable is ordinarily committed to a community correctional

---

[6] "[General Statutes] Sec. 54-64a. RELEASE BY JUDICIAL AUTHORITY. When any arrested person is presented before the superior court, said court shall, in bailable offenses, promptly order the release of such person upon the first of the following conditions of release found sufficient to provide reasonable assurance of his appearance in court: (1) Upon his execution of a written promise to appear without special conditions, (2) upon his execution of a written promise to appear with nonfinancial conditions, (3) upon his execution of a bond without surety in no greater amount than necessary, (4) upon his execution of a bond with surety in no greater amount than necessary. If the arrested person is not released, *the court shall order him committed to the custody of the commissioner of correction until he is released or discharged in due course of law.*" (Emphasis added.)

[7] "[General Statutes] Sec. 54-64b. RELEASE FOLLOWING ARREST ON COURT WARRANT. (a) When any person is arrested on a bench warrant of arrest issued by order of the superior court or, when said court is not in session, by a judge thereof, in which the court or judge issuing the warrant indicated that bail should be denied or ordered that the person to be arrested should be brought before a clerk or assistant clerk of the superior court, the officer or indifferent person making the arrest shall without undue delay bring the arrested person before the clerk or assistant clerk of the superior court for the geographical area where the offense is alleged to have been committed during the office hours of the clerk and if the clerk's office is not open, the officer or indifferent person shall, without undue delay, bring the arrested person to a community correctional center within the geographical area where the offense is alleged to have been committed or, if there is no such correctional center within such geographical area, to the nearest community correctional center. The clerk or assistant clerk or a person designated by the commissioner of correction shall thereupon advise the arrested person of his rights under section 54-1b, and, when the court or judge has not indicated that bail should be denied, shall order the arrested person to enter into the condition of release pursuant to the condition fixed by the judge or court conditioned that the arrested person shall appear before the superior court having criminal jurisdiction in and for the geographical area to answer to the bench warrant of arrest and information filed in the case. Upon the failure of the arrested person to enter into the

center pursuant to a mittimus.[8] In light of this statutory requirement, every arrestee who is not released on bail will satisfy the requirements of both §§ 18-97 and 18-98 and be entitled to double jail time credit under the construction of the statutes adopted by the trial court. This extraordinary consequence, doubling the presentence credit for prisoners, could hardly have been intended and further buttresses our conclusion that the petitioners' construction of the statutes is untenable.

Additionally, in *Holmquist* v. *Manson*, supra, 393–94, we recognized that "the purpose of the 'jail-time' statutes is to give recognition to the period of presentence time served and to permit the prisoner, in effect, to commence serving his sentence from the time he was compelled to remain in custody due to a mittimus (§ 18-97) *or* because of the court's refusal to allow bail or the defendant's inability to raise bail (§ 18-98)."

condition of release fixed by the court or judge or if the person has been arrested for an offense which is not bailable, *the clerk or assistant clerk or the person designated by the commissioner of correction shall issue a mittimus committing the arrested person to a community correctional center until he is discharged by due course of law. . . .*" (Emphasis added.)

[8] While General Statutes § 54-64b mandates that any person arrested on a bench warrant and unable to make bail be committed to a community correctional center pursuant to a mittimus, the parallel provision of General Statutes § 54-64a, applicable to "any arrested person," provides that if the arrestee is not released, "the court shall order him committed to the custody of the commissioner of correction. . . ." Although we take judicial notice that a court typically accomplishes this task pursuant to a mittimus, it is possible that the the formal document will not be utilized. Further, because prisoners are committed to the commissioner of correction under § 54-64a, and because the commissioner has the authority to commit a prisoner to any state correctional institution; General Statutes § 18-87; a prisoner possibly may not be committed to a community correctional center. For these reasons, it is conceivable that some persons, not arrested pursuant to a bench warrant and unable to make bail, may fail to satisfy the requirements of § 18-97, because they were not committed pursuant to a mittimus, and of § 18-98, because they were not committed to a community correctional center. See also General Statutes § 7-135 (presentence detention in lieu of bond and without a mittimus by a local police officer).

(Emphasis added.) Obviously, interpreting the statutes to allow double credit for the same sentence[9] would not only allow an arrestee to begin serving his sentence from the time of his arrest, but would eventually result in a *shorter* period of incarceration than if the detainee had made bail. Again, this result defies common sense.

Consequently, in light of the inveterate practice of the department of correction in calculating jail time credit and because the offered construction of the statutes leads to what we view as a bizarre result, we conclude that §§ 18-97 and 18-98 cannot be applied cumulatively to the same sentence.[10]

There is error, the judgments are set aside and the cases are remanded with direction to render judgments denying the petitions for habeas corpus.

In this opinion the other justices concurred.

---

[9] The habeas court, in its memorandum of decision, and the petitioners, in their brief on appeal, rely, to a large extent on our decison in *Mancinone* v. *Warden,* 162 Conn. 430, 294 A.2d 564 (1972), in support of their argument that General Statutes §§ 18-97 and 18-98 compel an award of multiple jail time credit. We find such reliance to be misdirected. In *Mancinone* we held that under §§ 18-97 and 18-98 an arrestee detained both under a mittimus and as a parole violator was eligible for presentence credit on the postparole crime, as well as on the sentence on which he had been paroled, even though he would not have been released from custody if he had been able to make bail. Although *Mancinone* stands for the proposition that our presentence jail time statutes may require that jail time served be credited to multiple sentences, it does not address the issue, now before us, of whether presentence jail time that qualifies under both §§ 18-97 and 18-98 can be applied twice to the *same* sentence. See also *Delevieleuse* v. *Manson,* 184 Conn. 434, 439, 439 A.2d 1055 (1981).

[10] We note that the legislature has made General Statutes §§ 18-97 and 18-98 inapplicable to offenses committed on or after July 1, 1981, and has enacted General Statutes § 18-98d which grants credit for presentence confinement resulting from an offense committed after that date. Although the petitioners' claim of double credit on a single sentence is expressly precluded by § 18-98d, we have found no legislative history to indicate that this statutory change was intended to resolve the issue before us for prisoners who committed offenses prior to July 1, 1981. 23 S. Proc., Pt. 10, 1980 Sess., p. 3429. (Remarks of Sen. Salvatore DePiano.)