[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner seeks to enforce in Connecticut a separation agreement providing for post 18 child support incorporated in a New York judgment via the vehicle known here as URESA and in New York as USDL, i.e. the interstate reciprocal enforcement of support act. She has not filed the judgment in Connecticut as allowed by 46b-70 et seq. in Chapter 815j Connecticut General Statutes. Rather, the petitioner proceeded under Chapter 816, Part I. URESA.
As the Family Magistrate pointed out in his detailed memorandum of decision, 46b-66 is in Chapter 815j. No such similar provision is found in Chapter 816. Neither Van Wagner v. Van Wagner, 1 Conn. App. 578 nor Burton v. Burton, 189 Conn. 129
are in point since both judgments were domesticated per 46b-70 et seq. The language of 46b-66 is clear when it says ". . .any case under this chapter. . ." Where language is clear and unambiguous there is no need to interpret or to seek intent, Cilley v. Lamphere, 206 Conn. 6; Sutton v. Lopes, 201 Conn. 115.
The court concurs with the reasoning and the holding of the Family Support Magistrate and his decision is affirmed. The CT Page 5141 appeal is dismissed.
HARRIGAN, JUDGE