[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS (#101)
The defendant Town of Goshen moves to dismiss the plaintiffs' appeal from the action taken by the Town of Goshen Board of Tax Review. The plaintiffs' real properties are located at Woodridge Lake in Goshen, Connecticut. The plaintiffs' appeal involves two separate and distinct non-contiguous parcels of land. The defendant claims that section four of Connecticut Public Act 91-221 requires that the plaintiff file a separate appeal for each of the properties. Section four of Public Act 91-221 provides in pertinent part:
 Any person . . . claiming to be aggrieved by the action of the board of tax review . . . may, within two months, from the time of such action, make application, in the nature of an appeal therefrom to the superior court. . .
The above-quoted language does not specifically state that a person aggrieved must file separate tax appeals for each different parcel of land. "Courts cannot, by construction, read into statutes provisions which are not clearly stated." Houston v. Warden, 169 Conn. 247, 251
(1975); See also Robinson v. Gutman, 163 Conn. 439, 444 (1972). Therefore, Section four of Public Act 91-221 does not preclude the plaintiff from filing one appeal challenging the actions of the board of tax review on separate and distinct parcels of land.
Moreover, the plaintiffs may challenge the actions taken by the board of tax review on their various properties in a single tax appeal because their claims arise "out of a single occurrence, the action of the board of tax review in the valuation of the [plaintiffs'] properties for taxation . . . even though the respective claims of overvaluation . . . do not share the same legal basis." President and Fellows of Harvard College v. Ledyard, 32 Conn. Sup. 139, 149 (1975). See also Purple v. Town of East Hampton, 6 Conn. L. Rptr. No. 17, 484, 485 (June 29, 1992, Austin, J.); Mueller v. Salisbury Board of Tax Review, 5 Conn. L. Rptr. No. 8, 204, 205 (December 2, 1991, Susco, J.).
For the reasons stated, the motion to dismiss is denied.
PICKETT, J. CT Page 8944