[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
Facts
As a corporation conducting business in the state, Products Design and Manufacturing Corporation began filing withholding tax returns with the Department of Revenue Services under the existing corporate registration number of 0559567-000. (Defendant's Brief, p. 1). On January 31, 1993, the defendant, Albert B. Cook, III, as president of Products Design and Manufacturing Corp., filed the Connecticut Reconciliation of Withholding Tax return for the period ending December 31, 1992. The tax due was $9,557.54, but no payment accompanied the return. (Defendants Brief, p. 2). On March 30, 1993, a single payment of $4,348.00 was received by the Department of Revenue.
The defendant was arrested pursuant to a warrant issued on June 7, 1993 which was supported by an affidavit of Leslie CT Page 6914-F Clements, a revenue agent with the Department of Revenue Services. The defendant was charged under General Statutes 12-737(a) which is entitled "Penalties for wilful violations."
Law
Practice Book 815 provides that "[t]he following defenses or objections, if capable of determination without a trial of the general issue, shall, if made prior to trial, be raised by a motion to dismiss the indictment or information: . . . (4) Absence of jurisdiction of the court over the defendant or the subject matter. . . ." When reviewing `a motion to dismiss an information the proffered proof is to be viewed most favorably to the state.'" State v. Patterson, 213 Conn. 708, 717, 570 A.2d 174 (1990), quoting State v. Morrill, 193 Conn. 602, 611, 478 A.2d 994 (1984).
The defendant, president of Products Design and Manufacturing Corporation, was charged under General Statutes 12-737(a) which states that
[a]ny person required under this chapter to pay any tax, or CT Page 6914-G required under this chapter or by regulations adopted in accordance with the provisions of this chapter to make a return, keep any records or supply any information, who willfully fails to pay such tax, make such return, keep such records or supply such information, at the time required by law or regulations, shall, in addition to any other penalty provided by law, be fined not more than one thousand dollars or imprisoned not more than one year or both.
The affidavit supporting the arrest warrant also references General Statutes 12-707 and General Statutes 53a-11. (Defendant's Brief, p. 6). General Statutes 12-707 requires employers to pay over to the commissioner of revenue services taxes withheld from employees' wages. General Statutes 53a-11 states that "[a] person shall be criminally liable for conduct constituting an offense which he performs or causes to be performed in the name of or in behalf of a corporation to the same extent as if such conduct were performed in his own name or behalf."
The defendant contends that since General Statutes 12-701(18) CT Page 6914-H excludes corporations from the definition of "person" for the purposes of General Statutes 12-737(a), a corporation cannot violate General Statutes 12-737(a). Hence, the defendant further contends that invoking the provisions of General Statutes53a-11 has no effect on any officers of the subject corporation and therefore, the State's information should be dismissed with prejudice for lack of jurisdiction.
"The construction of a statute generally is a question of law for the court." Weinberg v. ARA Vendina Co., 223 Conn. 336, 340,612 A.2d 1203 (1992), quoting Pokorney v. Getta's Garage,219 Conn. 439, 453, 594 A.2d 446 (1991). "If the language of the statute is clear and unambiguous, it is assumed that the words themselves express the intention of the legislature and there is no room for judicial construction." Johnson v. Manson, 196 Conn. 309,316, 493 A.2d 846 (1985), cert. denied, 474 U.S. 1063,106 S.Ct. 813, 88 L.Ed.2d 786 (1986), citing Mazur v. Blum,184 Conn. 116, 118-19, 441 A.2d 65 (1981). It is the court's duty to "interpret statutes as they are written." Muha v. United Oil Co.,180 Conn. 720, 730, 433 A.2d 1009 (1980). "Courts cannot, by construction, read into statutes provisions which are not clearly CT Page 6914-I stated." Glastonbury Co. v. Gillies, 209 Conn. 175, 179,550 A.2d 8 (1988), quoting Robinson v. Guman, 163 Conn. 439, 444,311 A.2d 57 (1972). Courts should apply statutes without regard to whether they think the statutes could be improved by the inclusion of other provisions. Sutton v. Lopez, 201 Conn. 115, 119,513 A.2d 139, cert. denied, 479 U.S. 964, 107 S.Ct. 463,93 L.Ed.2d 409 (1986). General Statutes 12701, the definition section for Chapter 229, the "Income Tax" chapter, states, in relevant part, that
 (18) "[p]erson" means a person as defined in section 1-1, but shall not include any corporation or association which is taxable as a corporation for the purposes of chapter 208, provided, for purposes of section 12-736, the term "person" shall include an individual, corporation or partnership and any officer or employee of any corporation, including a dissolved corporation, and a member or employee of any partnership who, as such officer, employee or member, is under a duty to perform the act in respect of which the violation occurs.
General Statutes 1-1 provides that "[t]he words `person' and CT Page 6914-J `another' may extend and be applied to communities, companies, corporations, public or private, societies and associations." However, General Statutes 12-701(18) excludes from its definition of "person" any corporation which is taxed as a corporation under Chapter 208, the "Corporate Business Tax" chapter except when defining "person" for purposes of General Statutes 12-736. As noted above, for purposes of General Statutes 12-736, entitled "Penalty for evading or failing to collect, account for or pay over tax. Penalty for fraud," the term "person" includes a corporation and any officer or employee of any corporation, including a dissolved corporation, who, as such officer or employee, is under a duty to perform the act in respect of which the violation occurs.
"When legislation contains a specific definition, the courts are bound to accept that definition." (Citations omitted.) Johnson v. Manson, supra, 316. In the present case, neither Products Design and Manufacturing Corporation nor its officers and employees is a "person" subject to penalties under General Statutes 12-737(a). The corporation is taxed as a corporation under Chapter 208 and the president of the corporation is charged under General Statutes 12-737(a), not 12-736. Therefore, since courts are CT Page 6914-K bound by specific definitions in legislation, the subject corporation cannot, by definition, be a "person" in violation of General Statutes 12-737(a). Consequently, the corporation's officers cannot be liable for conduct performed in the name of or on behalf of the corporation.
Furthermore, when a statute creates an exception to a general rule, the exception should not be extended "beyond its specific statutory bounds." State v. Turello, 183 Conn. 330, 335-36,439 A.2d 364 (1981). As discussed above, General Statutes 12-701(18) states the general rule that the definition of "person" shall not include a corporation taxed under the Corporate Business Tax chapter. However, in its proviso, the subsection specifically provides that the term "person" shall include corporations and their officers and employees for purposes of General Statutes12-736. The subsection does not include General Statutes 12-737
in its proviso which is an exception to the general rule above. Therefore, the term "person" does not include corporations and their officers and employees for purposes of General Statutes12-737. CT Page 6914-L
In addition, "penal statutes must be strictly construed against the state and liberally construed in favor of the accused." State v. Mattioli, 210 Conn. 573, 579, 556 A.2d 584 (1989). Hence, since General Statutes 12-737(a) provides for criminal penalties, it should be strictly construed in favor of the accused.
The defendant also contends that the phrase "pay over" needs to be understood to determine the legislative intent. The defendant points out that General Statutes 12-707 requires withholding taxes to be "paid over" to the commissioner of revenue services. The defendant further contends that "nowhere in Chapter 229 section 12 can language be found creating a criminal penalty for willfully failing to `pay over' withheld taxes short of fraudulent intent (fraud has not been alleged by Clements)." (Defendant's Brief, p. 11).
The defendant is charged under General Statutes 12-737(a) which is applicable to persons required under Chapter 229 to "pay" any tax. The defendant, as president of the corporation, is not required to "pay" any tax under Chapter 229. Instead, the CT Page 6914-M president of the corporation is required under Chapter 229, specifically General Statutes 12-707, to "pay over" to the commissioner of revenue services any tax withheld by the employer from wages of the employees. General Statutes 12-736 is applicable to any person required to "pay over" the tax imposed under Chapter 229, which includes taxes withheld by employers. Hence, the defendant should have been charged under General Statutes 12-736, not 12-737(a). In addition, as discussed above, a corporation and its officers are "persons" for purposes of General Statutes 12-736. Therefore, an information against the president of Products Design and Manufacturing Corporation would be more properly brought pursuant to General Statutes12-736(a) and General Statutes 53a-11 which permits an individual to be criminally liable for conduct performed in the name of or on behalf of a corporation.
In addition, General Statutes 12-736 is virtually identical to its federal counterparts, 26 U.S.C. § 7202, 6672. General Statutes 12-736(a) provides that
[a]ny person required to collect, truthfully account for and pay CT Page 6914-N over the tax imposed under this chapter who willfully fails to collect such tax or truthfully account for and pay over such tax or who willfully attempts in any manner to evade or defeat the tax or the payment thereof, shall, in addition to other penalties provided by law, be liable for a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.
Similarly, 26 U.S.C. § 6672 states that
 [a]ny person required to collect, truthfully account for and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. . . .
26 U.S.C. § 7202 states that CT Page 6914-O
 [a]ny person required under this title to collect, account for, and pay over any tax imposed by this title who willfully fails to collect or truthfully account for and pay over such tax shall, in addition to other penalties provided by law, be guilty of a felony and; upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than five years, or both, together with the costs of prosecution.
The United States Supreme Court found that 26 U.S.C. § 6672
and 7702 were designed to assure compliance by employers with their obligation to withhold and pay over sums withheld by subjecting an employer's official, who was responsible for employer's decisions regarding withholding taxes and payment thereof, to civil and criminal penalties for the employer's delinquency. Slodov v. United States, 436 U.S. 238, 98 S.Ct. 1778,56 L.Ed.2d 251, on remand, 579 F.2d 400 (6th Cir. 1978); see United States v. Bailey, 789 F. Sup. 788, 814 (N.D. Tex. 1992). Like the sections of the Internal Revenue Code cited above, General Statutes12-736, not 12-737, was designed to assure compliance by employers with their obligation to withhold and "pay over" taxes CT Page 6914-P withheld by subjecting to penalties those officers of the employer corporation who are responsible for withholding and payment.
 On the other hand, 26 U.S.C. § 7203, which is virtually identical to General Statutes 12-737(a), has not been applied where an employer has failed to pay over taxes withheld from an employee's wages. 26 U.S.C. § 7203 provides that [a]ny person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return, keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $25,000 ($100,000 in the case of a corporation, or imprisoned not more than 1 year, or both, together with the costs of prosecution. . . .
Accordingly, 26 U.S.C. § 7203, like General Statutes 12-737(a), is applicable where persons fail to "pay" income taxes as required CT Page 6914-Q by law and is not applicable where a person fails to "pay over" withholding taxes.
The information against the defendant should be dismissed for lack of jurisdiction over the defendant since the defendant, as president of the corporation, cannot be in violation of General Statutes 12-737(a) for failure to pay over withholding taxes.
The motion to dismiss is granted.
Foley, Judge.