[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: DEFENDANT, NEW WATERBURY, LTD's, MOTION TO STRIKE CT Page 2367
Each of these cases were consolidated because of a common defendant, New Waterbury, Ltd. The plaintiffs, subcontractors and/or materialmen, have filed revised complaints, adding claims for damages under theories of contract and quasi contract. The first count of all of the revised complaints seeks to foreclose their respective mechanics' liens. The additional new counts in all of the matters seek the alternative relief in contract and quasi contract. The new claims in all but two of the above matters have been framed in two additional counts. The plaintiff, Windustrial, has consolidated its additional claims in one additional count, and the plaintiff, Bar-Temp, has expanded its additional claims in three additional counts.
The defendant, New Waterbury, has moved to strike all of the additional counts in all of the revised complaints. The defendant relies on Connecticut General Statutes 49-1, which states in pertinent part, "The foreclosure of a mortgage is a bar to any further action upon the mortgage debt . . ." (Emphasis added).
This statutory language applies only to the foreclosure of a mortgage and does not involve a foreclosure of a mechanics' lien. "Courts cannot by construction, read into statute provisions which are not clearly stated." Houston v. Warden,169 Conn. 247, 251 (1975). It is presumed that the legislature had a purpose for each sentence, clause or phrase. Turner v. Turner, 219 Conn. 703, 713 (1991). Therefore, this court cannot impose upon the foreclosure of a mechanics' lien the limitations and restrictions which apply to the foreclosure of a mortgage under Connecticut General Statutes 49-1.
Accordingly, the defendant, New Waterbury Ltd.'s Motion to Strike in all of the above matters is denied.
PELLEGRINO, J.