[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by the State of Connecticut from a decision of the Family Support Magistrate. The magistrate dismissed the state's petition for support on the ground that it was "without basis". The issue upon which the magistrate based his decision was whether the State can seek child support on behalf of a custodial relative other than a parent when the custodial parent has not been appointed by a court. The magistrate dismissed the petition, essentially finding that the custodial parent must be appointed by a court in order for the State to seek child support.
The petitioner has standing to appeal the final decision of the magistrate. The appeal was timely filed. This court has jurisdiction to decide this appeal in accordance with Connecticut General Statutes § 46b-231.
The decision of the magistrate was in error in accordance with applicable law. This court hereby adopts the reasoning of Judge Gruendel in State v. Hariston, Superior Court, judicial district of Hartford at Hartford, Docket No. FA 98-0626107S (February 10, 1999) as follows:
Two portions of Section 46b-215 of the Connecticut General Statutes are central to the resolution of this appeal. First, the statute authorizes the Family Support Magistrate CT Page 6493 to order support payments to be made. It provides: The Superior Court or a family support magistrate shall have authority to make and enforce orders for payment of support against any person who neglects or refuses to furnish necessary support to his or her spouse or a child under the age of eighteen, according to his or her ability to furnish such support . . .
 Connecticut General Statutes, Section 46b-215 (a). For the purposes of the statute, a person owing a duty of support is the obligor, while the person to whom the duty of support is owed is the obligee. Connecticut Public Acts, June 18, 1997 Special Session, 97-1, Section 2 (13) and (14). [footnote omitted] Secondly, the statute authorizes the state to commence proceedings to obtain support from an obligor. It provides:
 Proceedings to obtain such orders shall be commenced by service on the liable person or persons of a verified petition with summons and order . . . of the husband or wife, child or any relative or the conservator, guardian or support enforcement officer, town or state, or any selectman or the public official charged with the administration of public assistance of the town, or in AFDC support cases . . . the Commissioner of Social Services.
 Connecticut General Statutes, Section 46b-215 (a) (emphasis added).
 The statute does not limit the authority of the Commissioner of Social Services to commence an action to obtain support from an obligor to cases in which the child being provided support is in the custody of a person appointed by a court. "Courts cannot, by construction, read into statutes provisions which are not clearly stated." Houston v. Warden, 169 Conn. 247, 251 (1975).
For the foregoing reasons, the appeal is sustained, the decision of the magistrate reversed, and the matter remanded to the Family Support Magistrate Division for further proceedings in accordance with this decision.
Dunnell, J.