[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 104)
On October 1, 1997, the plaintiff, Sacred Heart University, Inc., filed a complaint against the defendant, City of Bridgeport. The parties have stipulated to the following facts. The plaintiff is a tax exempt entity organized exclusively for educational purposes. On December 8, 1995, the plaintiff obtained title to property located at 4920-4940 Park Avenue, in the City of Bridgeport, in order to build a dormitory and classroom structure. Since December 8, 1995, no rents, profits or income have or will be derived from the aforementioned real property. Between November 27, 1995 and February 2, 1996, the plaintiff applied for and received a certificate of zoning compliance, a foundation permit and a full building permit for the erection of a dormitory and classroom structure. On April 30, 1996, the plaintiff demolished a single family premises on the property, leaving only unimproved land. On July 13, 1998, the plaintiff CT Page 6350 began clearing the site and preparing excavating for footings. The parties stipulate that as of October 1, 1998, the property will be recognized by the defendant as tax exempt.
On February 5, 1999, the plaintiff filed a motion for summary judgment, accompanied by a supporting memorandum of law. No opposition to the plaintiff's motion for summary judgment has been submitted by the defendant.
Summary judgment shall be rendered "forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202, 663 A.2d 1001 (1995). "The movant has the burden of demonstrating the absence of any genuine issue of material fact." Gupta v. New Britain General Hospital, 239 Conn. 574, 582,687 A.2d 111 (1996). The plaintiff moves for summary judgment on the ground that there are no genuine issues as to any material fact and it is entitled to summary judgment as a matter of law. Although the plaintiff stipulated that as of October 1, 1998, the property will be recognized by the defendant as tax exempt, the plaintiff argues that the property was entitled to tax exempt status on December 8, 1995, the date the property was acquired.
General Statutes 12-88 provides: "Real property belonging to, or held in trust for, any organization mentioned in subdivision (7) . . . of section 12-81,[1] which real property is so held for one or more of the purposes stated in the applicable subdivision, and from which real property no rents, profits or income are derived, shall be exemt, t from taxation though not in actual use therefor by reason of the absence of suitable buildings and improvements thereon, if the construction of such buildings or improvements is in progress." (Emphasis added.) General Statutes § 12-88.
In order to determine when the plaintiff attained eligibility for tax exempt status, it first must be determined what constitutes construction "in progress" under the statute. According to the plaintiff, "tax exempt status should be conferred to the property on December 8, 1995, the date of acquisition, because it is the owner of property used for' or CT Page 6351 under construction to be used for exempt purposes pursuant to General Statutes §§ 12-81 and 12-88." (Joint Stipulation of Issues 
Fact). The defendant claims that "tax exempt status can only be conferred on real property owned by this entity when construction of the building or improvements are in progress" pursuant to General Statutes § 12-88. (Joint Stipulation of Issues Fact)
"The general rule of construction in taxation cases is that provisions granting a tax exemption are to be construed strictly against the party claiming the exemption." Loomis Institute v.Windsor, 234 Conn. 169, 176, 661 A.2d 1001 (1995). "It is also true, however, that such strict construction neither requires nor permits the contravention of the true intent and purpose of the statute as expressed in the language used." Hartford Hospital v.Hartford, 160 Conn. 370, 375, 279 A.2d 561 (1971). Moreover, "[i]t is a cardinal rule of construction that statutes are to be construed so that they carry out the intent of the legislature. This intent is to be ascertained from the language of the statute itself, if the language is plain and unambiguous." Id., 375-76.
There is no Connecticut case law determining what constitutes construction "in progress."[2] According to Black's Law Dictionary, `construction' means "the creation of something new as distinguished from the repair or improvement of something already existing." Black's Law Dictionary (5th Ed. 1979). `Demolish' means "to destroy totally or to commence the work of total destruction with the purpose of completing the same." Black's Law Dictionary (5th Ed. 1979).
General Statutes § 12-88 must be interpreted to effectuate the legislature's intent.[3] Section 12-88 provides that an educational institution or a soon-to-be educational institution is exempt from taxation, though not in actual use, if the lack of use is due to the absence of suitable buildings and improvements and the construction of such buildings or improvements is inprogress. The legislature intended to promote the existence of educational institutions. A plain reading of this statute indicates that the legislature's goal in allowing tax breaks for educational institutions is not to be frustrated because the property is not yet suitable for such use. The use of the language construction "in progress" further indicates that the legislature realized that building an educational institution does not happen overnight. It therefore decided to grant a tax exemption not only when the educational institution was completed but also while the construction was in progress. This court must CT Page 6352 decide whether to interpret "construction in progress" to include demolition in order to effectuate the intent of the statute.
The court finds that the plaintiff's acquisition of the property on December 8, 1995 and its subsequent acquisition of various permits on January 3, 1996, February 2, 1996 and March 29, 1996, do not constitute "construction in progress" because these steps are too remote from the creation of "something new." On the other hand, demolition may be a necessary prerequisite to creating something new on the same parcel. On April 30, 1996, the plaintiff demolished the single family premises leaving only unimproved land at the location in question. In order to create something "new" in this case, a dormitory and classroom building, the plaintiff demolished the single family premises. The court concludes that demolition constitutes "construction in progress." Therefore, the plaintiff should have received tax exempt status as of April 30, 1996.[4]
Based on the foregoing, the plaintiff's motion for summary judgment is granted insofar as it grants the plaintiff tax exempt status under § 12-88 as of April 30, 1996.
SKOLNICK, J.