[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff ("CT Hospice") is appealing from the defendant's denial of a property tax exemption for property owned by the plaintiff known as 200 Commercial Street, Watertown (the "Property"). The plaintiff contends that the Property is used exclusively for one or more of CT Hospice's charitable purposes CT Page 11047 and therefore should be exempt from taxation under applicable state statutes. The defendant town claims that the plaintiff has failed to prove such an exclusive use.
This appeal is brought pursuant to General Statutes §§ 12-89,12-117a and 12-119. The parties agree that the court hears the matter as a trial de novo. Xerox Corp. v. Board of Tax Review,240 Conn. 192, 204 (1997). The case was presented to the court on stipulated facts and stipulated exhibits. No testimony was taken.
The Property consists of 7.79 acres of land on which is located a 45,000 square foot warehouse. CT Hospice acquired the Property by virtue of a gift in 1993. CT Hospice is a nonprofit corporation that is tax exempt under § 501(c)(3) of the Internal Revenue Code. It was organized to foster and improve the treatment and care of terminally ill patients and to educate the public concerning such treatment and care. CT Hospice was organized exclusively for scientific, educational, literary, historical or charitable purposes within the meaning of General Statutes § 12-81 (7).
CT Hospice was initially granted a tax exemption for the Property in 1993. CT Hospice represented at that time that it planned to renovate the Property for education and training purposes as well as storage. In December, 1993 CT Hospice leased the Property to a corporation that was not tax exempt. During the term of the lease the plaintiff and the tenant both used the Property for storage. Because of the lease, CT Hospice paid the real estate taxes due for the Property for the October 1, 1993 Grand List. The tenant vacated the Property in mid-1995 and the plaintiff then reapplied for tax exempt status for the Property for the October 1, 1995 Grand List. CT Hospice then stated that it intended to use the Property for education, training, research, support and administration purposes.
As of October 1, 1995 the plaintiff used the Property for the storage of medical equipment, specifically: 14 wheelchairs, 31 walkers, 3 bedside commodes and 1 bath bench. This equipment was stored in a lavatory at the Property, occupying approximately 180 square feet. On October 1, 1995, the Property was also undergoing two repairs, the first was repairs to the roof at an approximate cost of $71,000, and the second was repairs to the heating system that cost approximately $8,000. CT Hospice listed the Property for sale from January 12, 1995 until June 12, 1995 and from November, 1995 until it was sold on February 27, 1997 for CT Page 11048 $850,000.
After receipt of the plaintiff's application for tax exemption for the October 1, 1995 Grand List, the tax assessor went to the Property and inspected the exterior. He found that the doors to the building were locked. He looked inside the building and saw portions of the interior of the Property, all of which looked vacant to him. He denied the plaintiff's application for tax exemption. The plaintiff appealed to the board of assessment appeals, which denied the appeal, finding that the plaintiff did not establish that the Property was used for educational or charitable purposes as of October 1, 1995.
CT Hospice conducted only one educational program at the Property during the time that it owned the Property. Seven people attended an in-service education program on January 19, 1996, three and one half months after the October 1, 1995 assessment date.
Generally, provisions granting a tax exemption are to be strictly construed against the party claiming the exemption.Loomis Institute v. Windsor, 234 Conn. 169, 176 (1995). This rule does not apply to "educational institutions," however. Id. CT Hospice claims that because education is one of its purposes, the strict construction rule is inapplicable to this case. This claim is without merit. Those cases where the strict construction rule was found inapplicable all involved "educational institutions" in the sense of institutions whose primary purpose was offering instruction to enrolled students. Id.; Arnold College v. Milford,144 Conn. 206, 210 (1957) St. Bridget Convent Corp. v. Milford,87 Conn. 474, 478 (1913)
Furthermore, the Supreme Court has acknowledged that the strict construction rule does apply to a hospital, an institution similar to that operated by the plaintiff. Hartford Hospital v.Hartford, 160 Conn. 370, 375 (1971). The court finds that CT Hospice is not an educational institution as to which the strict construction rule does not apply. Therefore, the general rule of strict construction is applicable to this case. In addition, of course, the plaintiff bears the burden of proof with respect to any exemption claimed. United Church of Christ v. West Hartford,206 Conn. 711, 719 (1988)
The principal issue in this tax appeal is whether the Property was "used exclusively for carrying out" (emphasis added) CT Page 11049 one or more of the charitable purposes of CT Hospice as of October 1, 1995. General Statutes § 12-81 (7) requires such exclusive use in order for the property to be exempt from taxation. The parties have stipulated that the plaintiff satisfies all of the remaining requirements of Section 12-81 (7)
CT Hospice contends that as of October 1, 1995, the exclusive use of the Property was for storage of Hospice's medical equipment. It further contends that the exclusive use provision must be broadly construed, Loomis Institute v. Windsor, supra,234 Conn. 176, and that a use of the Property that is incidental to the charitable purpose of the plaintiff satisfies the statutory requirement. Id., 177. These citations of applicable law are correctly stated, but they cannot overcome the very evident facts, which demonstrate that CT Hospice was not making any significant or meaningful "use" of the Property as of October 1, 1995.
The Property is comprised of almost eight acres of land and a 45,000 square foot warehouse. As of October 1, 1995, the plaintiff used or occupied only 180 square feet of one lavatory at the Property, space that constitutes less than one half of one percent of the total building space. The warehouse appeared vacant to the assessor, who peered in through a window or a door, because it was — 99.6 percent vacant. In a tax exemption case on which the plaintiff relies, our Supreme Court stated "[i]t is the nature of the use, and not the frequency of use and the number of students, which is controlling." Of course, the property inquestion must actually be used in order to qualify for an exemption. "If [the property] had not been used . . . theproperty would not be eligible for tax exemption." (Emphasis added.) Red Top, Inc. v. Board of Tax Review, 181 Conn. 343, 353
(1980). In its reply brief CT Hospice argued for the first time that storage was not the only use of the Property as of October 1, 1995; that the Property was also being used for the roof repair and the repair to the boiler. This claim adds little; the plaintiff cites no cases where making a repair was found to constitute an exclusive use for a charitable purpose.
The Red Top case involved a rowing camp maintained by Harvard University in Ledyard. The camp included docks, boat houses, housing and eating facilities. It was used for training by at least forty Harvard crew members, coaches, trainers, cooks and other personnel for approximately two to three weeks each year just prior to the Harvard-Yale Regatta. The rest of the year the CT Page 11050 buildings were closed. The trial court found that Red Top was not used exclusively for charitable purposes as required under General Statutes § 12-81 (7).
The Supreme Court reversed, rejecting the claim that infrequent use by a relatively small number of students disqualified the property from exemption. The frequency of use and number of students are not controlling, the Supreme Court found. Id. The court found that it "was, in fact, used during the years 1975 to 1977," and was used exclusively for educational activities. (Emphasis in original.) Id.
Although CT Hospice relies on the Red Top case, the court does not find it helpful. There was no question in that case that during the training weeks prior to the Harvard-Yale Regatta the full facility was utilized. In the case before the court the plaintiff actually occupied less than one half of one percent of the large warehouse building on the Property on a year-round basis. The test for tax exemption is the actual use of the property, not the purpose of the owner, New Canaan CountrySchool, Inc. v. New Canaan, 138 Conn. 347, 349 (1957), and not the use which the property owner intended for the future. ArnoldCollege v. Milford, supra, 144 Conn. 211. The facts of this case show that CT Hospice intended to use the Property for education and training as well as storage, but those plans did not become a reality prior to the plaintiff's sale of the Property. The reality in 1995 was that CT Hospice used such an infinitesimally small portion of the Property that it cannot be said to have "used" the Property exclusively for charitable purposes as required for a tax exemption under General Statutes § 12-81 (7). The plaintiff failed to sustain its burden of proof with respect to that exemption.
The plaintiff also alleges that the Property is exempt from taxation under General Statutes § 12-88, which provides in pertinent part that real property belonging to a charitable organization
 "shall be exempt from taxation though not in actual use therefor by reason of the absence of suitable buildings and improvements thereon, if the construction of such buildings or improvements is in progress . . ."
CT Hospice contends that the roof repair and boiler repair at the Property, which were underway on October 1, 1995, constitute CT Page 11051 "construction" within the meaning of Section 12-88. This is a belated claim that CT Hospice did not raise in its application for tax exempt status for the October 1, 1995 Grand List. The plaintiff's appeal to the board of assessment appeals also was based solely on General Statutes § 12-81 (7)
Assuming this exemption claim is properly raised in this appeal, the plaintiff bears the burden of proof with respect to this claim of exemption. United Church of Christ v. WestHartford, supra, 206 Conn. 719. The exemption is to be strictly construed. Hartford Hospital v. Hartford, supra, 160 Conn. 375. An examination of Section 12-88 reveals that the threshold issue for this exemption is whether the Property is "not in actual use . . . by reason of the absence of suitable buildings and improvements thereon . . ." The plaintiff presented no evidence on this point. The parties stipulated that CT Hospice "believed" that it "could not" use the Property until the roofing and boiler repairs were complete. However, the plaintiff's subjective belief does not address suitability and is different from an objective, factual determination as to whether the building on the Property was "suitable". Therefore, the plaintiff failed to sustain its burden of proof with respect to this second claim of exemption. Accordingly, this appeal is dismissed.
VERTEFEUILLE, J.